## WILLIAM MICHAEL DILLON v. THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, INC. ET AL.

[No. 1345, September Term, 1978.]

*Decided July 13, 1979.*

The cause was argued before GILBERT, C. J., and MORTON, J., and SAMUEL W. BARRICK, Associate Judge of the Sixth Judicial Circuit, specially assigned.

Submitted on brief by *Alan Hilliard Legum* and *Legum, Cochran, Chartrand & Wyatt, P.A.,* for appellant.

*Bruce S. Harrison,* with whom were *William J. Rosenthal, Patrick M. Pilachowski* and *Shawe & Rosenthal* on the brief, for appellees.

GILBERT, C. J., delivered the opinion of the Court.

Failing to convince Judge James L. Wray in the Circuit

Court for Anne Arundel County that a violation of Md. Ann. Code art. 49B, § 16 [1] (Discrimination in Employment) gives rise to a private cause of action, the appellant, William Michael Dillon (Dillon) has carried his banner to this Court.

The issue put to us is "[w]hether the lower court erred in sustaining Appellees' Demurrers without leave to amend?" Obviously, what appellant seeks to do is to pioneer a new trail through the legal forest, thus enabling him to maintain a civil claim for monetary damages as a direct result of his not being hired by the appellees, The Great Atlantic and Pacific Tea Company, Inc. (A & P) and Edward Travers, an employee of the A & P. Undaunted by Dillon's cries of outrage, A & P and Travers urge that we answer, "*Pioneer, Go Home.*" [2]

Before setting forth our discussion of the applicable law, we shall briefly state the facts as pleaded.

On April 24, 1975, Appellant William Michael Dillon "applied for a position as a Porter with the A & P . . . Store then located on West Street, Annapolis, Maryland." Dillon "filled out a form and was given a card to take to the regional office of" appellee. The very next day, Dillon reported to the regional office, "took a test . . . completed some additional forms . . . [and] was given a card indicating that he was hired as a Porter effective April 28, 1975 at a rate of $3.55 per hour." During the intervening weekend, however, Dillon was notified "by an employee of the Annapolis Store [3] . . . that he should not report to work on Monday since it had been decided by . . . Edward Travers [4] that . . . [Dillon] was not to be employed."

One week short of three years later, Dillon filed suit alleging that appellees, A & P and Travers, its "agent servant and or employee," violated Md. Ann. Code art. 49B, § 19 [5] by refusing to employ Dillon as originally indicated. Dillon

---

1. At the time of the declaration, then Md. Ann. Code art. 49B, § 19 was operative. The Act was amended by Laws 1978, ch. 684, effective July 1, 1978, and former section 19 became current section 16.

2. From the title of a book by the same name, authored by Richard Powell in 1959.

3. The employee is not otherwise identified.

4. Mr. Travers' capacity with A & P is not disclosed in the record.

5. *See* n. 1, *supra.*

alleged that "the sole reason for ... [A & P's] repudiation of the employment agreement was ... [Dillon's] physical disability which is unrelated in nature and extent so as to reasonably preclude the performance of the employment."[6] Dillon requested compensatory and punitive damages.

Appellees filed a "DEMURRER AND MOTION RAISING PRELIMINARY OBJECTION" on June 20, 1978. They contended that "there is no cause of action recognized at common-law in Maryland for individual relief from employment discrimination, ... [that] Art. 49B of the Annotated Code of Maryland, which forbids discrimination in employment on the basis of, *inter alia,* physical handicap, does not provide for private causes of action to remedy alleged employment discrimination". They further asserted that Dillon "failed to state any claim upon which relief can be granted," and that even if Maryland recognized "a private right of action for employment discrimination," Dillon failed to exhaust his administrative remedies, and that Dillon was barred by the applicable statute of limitations from prosecuting the suit.

Judge Wray sustained the Demurrers without leave to amend. This appeal followed.

At common law no claim may be successfully asserted on the ground that the claimant was discriminated against in employment because of a physical handicap or disability. Moreover, a negligent refusal to hire a person does not give rise to a right of action by the "would-be" employee against the "would-not-be" employer. If there is to be any redress to Dillon because of the "negligent" failure to employ him, the authority therefor must be found within Md. Ann. Code art. 49B, § 16. *See Gutwein v. Easton Publishing Co.,* 272 Md. 563, 569, 325 A. 2d 740, 743 (1974), *cert. denied,* 420 U. S. 991, 95 S. Ct. 1427, 43 L.Ed.2d 673 (1975).[7]

---

6. The record does not disclose the nature or extent of the "physical disability." The appellees' brief, in a footnote, suggests that the disability is because of amputated fingers on one hand.

7. *See also* Page v. Carolina Coach Co., Civil No. H-77-942 (D. Md., September 8, 1978, Harvey, J.) and Atkins v. Westinghouse Broadcasting Co., Inc., Superior Court of Baltimore City, No. 11385 (1977, Docket, Folio 403, Kaplan, J.).

Prior to 1974, there was no legislative protection for a person claiming to be discriminated against because of a physical handicap. By Laws 1974, ch. 875, however, the General Assembly re-enacted section 19 (a) which read as follows:

"(a) It shall be an unlawful employment practice for an employer:

(1) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, age, [or] national origin, MARITAL STATUS, OR PHYSICAL OR MENTAL HANDICAP UNRELATED IN NATURE AND EXTENT SO AS TO REASONABLY PRECLUDE THE PERFORMANCE OF THE EMPLOYMENT...."
(Emphasis in original.)[8]

Such was the statutory language in effect in April 1975, when the claim underlying the instant case accrued. The administrative body charged with effectuating Article 49B is the Maryland Commission on Human Relations. Redress through administrative channels, in the words of Judge Kaplan, includes "an elaborate scheme for investigation, findings of facts, negotiation toward voluntary settlement and an enforcement procedure including access to the courts if a final order is not complied with or if temporary injunctive relief is deemed appropriate by the Commission...." [9]

Laws 1977, ch. 937, conferred upon the Commission the power to "award monetary relief," but the award is limited to a period of two (2) years, except that the time spent in appellate review is not to be counted within the two-year time frame. Md. Ann. Code art. 49B, § 11 (e). Prior to July 1, 1977, the Commission was without authority to grant monetary relief to a claimant. Md. Ann. Code art. 49B, § 11 (f). That is the principal holding of *Gutwein*. The Court of Appeals

---

8. This provision is currently codified as Md. Ann. Code art. 49B, § 16.
9. Atkins v. Westinghouse Broadcasting Co., Inc., *supra.*

interpreted the employment discrimination sections of art. 49B and decided that the statute did not empower the Commission to make monetary awards for compensatory or other damages. Patently, Laws 1977, ch. 937 is the legislative reply to that holding. It is applicable, however, to those complaints filed on or after July 1, 1977. Md. Ann. Code art. 49B, §§ 11 (e) and (f). Inasmuch as the change was prospective only, it does not afford any relief to appellant, whose grievance arose before the General Assembly gave birth to chapter 937.

Dillon seeks to bottom a cause of action and the concomitant right to receive a monetary award on the basis of the 1974 act. He does so on two heterogeneous hypotheses. First, he advances an "implicit theory" grounded in *Gutwein.* Dillon argues that the Court of Appeals, in *Gutwein,* "implicitly recognized that the proper method of redress for monetary damages for employment discrimination was in the courts of law." We do not share appellant's reading of *Gutwein.* As we see it, Chief Judge Murphy, for the Court, was concerned in *Gutwein* with delineating the scope of relief that the Maryland Commission on Human Relations, under the former law, could grant claimants. The question of the court's role in alleviating employment discrimination was simply not before the Court. Because the issue was not then viable, the Court did not, implicitly or explicitly, pass upon the subject. Md. Rule 885. Dillon's tortuous efforts to create a tortuous cause of action from the vacuum of silence in *Gutwein* are without merit.

The second of Dillon's hypotheses is less specious, but, nevertheless, equally short of establishing an action at law upon which to premise his case. Dillon asserts that "[i]t is beyond question that the violation of a statute is evidence of negligence and if that negligence is a *proximate cause* of [a]ppellant's loss . . . [then] the [a]ppellees . . . [are] liable for damages." Dillon's statement is not accurate,[10] but even if it were, it is not applicable to the case at bar. What Dillon

---

10. The correct rule is that a violation of a statute or ordinance is evidence of negligence, and if that *violation* is the proximate cause of the injury, the violator is liable for damages.

**166**

overlooks is that the statute itself, Md. Ann. Code art. 49B, sets out the only remedy for its violation.

We think Judge Wray correctly summarized the law with respect to the common law *vis-á-vis* the statute when he penned, "If the statute does not authorize a particular form of relief, and the common law recognizes no such cause of action, that form of relief is not available. *See Herd & Co. vs. Krawill Machinery Corp.,* 359 U. S. 297 (1959)."

All statutes, such as Md. Ann. Code art. 49B, which are in derogation of the common law are to be construed strictly. *MacBride v. Gulbro,* 247 Md. 727, 729, 234 A. 2d 586, 588 (1967); *Roberts v. Warden,* 242 Md. 459, 460, 219 A. 2d 254, 255, *cert. denied,* 385 U. S. 876 (1966); *Gleaton v. State,* 235 Md. 271, 277, 201 A. 2d 353, 356 (1964); *City of Baltimore v. Baltimore Gas & Electric Co.,* 232 Md. 123, 135, 192 A. 2d 87, 93 (1963); *McKeon v. State ex rel. Conrad,* 211 Md. 437, 443, 127 A. 2d 635, 638 (1956); *Hooper v. City of Baltimore,* 12 Md. 464, 475 (1859); *Wright v. State,* 24 Md. App. 309, 318, 330 A. 2d 482, 487, *cert. denied,* 274 Md. 733 (1975); *State v. Gibson,* 4 Md. App. 236, 247, 242 A. 2d 575, 582 (1968), *aff'd,* 254 Md. 399, 254 A. 2d 691 (1969); Md. Ann. Code art. 101, § 63; 3 Sutherland Statutory Construction § 61.01 (4th ed. 1974).

73 American Jurisprudence 2d Statutes § 288, states the rule to be:

> "Under the rule of strict construction applied to statutes in derogation of the common law, *it is not to be presumed that the legislature intended to abrogate or modify a rule of the common law on the subject any further than that which is expressly declared or clearly indicated, and the courts are inclined not to extend such statutes, by construction or implication,* to situations or parties not fairly or clearly within their provisions, or any further than the language of the statute absolutely requires by express terms or necessary implication. *The statute will not be construed to confer or enlarge any rights not clearly given."* (Emphasis supplied; footnotes omitted.)

There is nothing within Md. Ann. Code art. 49B to suggest even remotely that the construction placed upon the article should be different from that usually employed in interpreting similar statutes that are in derogation of the common law. Therefore, it is to be construed strictly.

As so construed Dillon's sole means of redress, if any, was to complain to the Human Relations Commission,[11] although, as we have seen, it was then without authority to assess any pecuniary damages in favor of Dillon and against the appellees.[12] Whatever may be morally wrong with the appellees' alleged approach to employment of the handicapped, until such time as the legislature sanctions an action separate and apart from the proceedings before the Maryland Human Relations Commission, the courts may not countenance such claims.

In view of our holding, we do not address the other questions raised by appellant as to the running of the statute of limitations and the exhaustion of administrative remedies.

*Judgment affirmed.*
*Costs to be paid by appellant.*

11. *See* n. 1, *supra.*
12. The Commission now possesses such authority. *See* Laws 1977, ch. 937.