NATIONAL ASPHALT PAVEMENT ASSOCIATION,
INC. *v.* PRINCE GEORGE'S COUNTY,
MARYLAND ET AL.

[No. 14, September Term, 1981.]

*Decided December 2, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*James E. Fannon, Jr.,* with whom were *John F. Breads, Jr.,* and *Hoyer, Fannon & Johnston* on the brief, for appellant.

*Robert N. Stokes, Jr., Associate County Attorney,* with whom were *Robert B. Ostrom, County Attorney,* and *Michael O. Connaughton, Deputy County Attorney,* on the brief, for appellees.

ELDRIDGE, J., delivered the opinion of the Court.

The Maryland Legislature has enacted legislation designed to prohibit discrimination in employment, codified as Maryland Code (1957, 1979 Repl. Vol.), Art. 49B, §§ 14-18. Similarly, Prince George's County has enacted ordinances prohibiting employment discrimination, codified in Division 12, of subtitle 2, of the Prince George's County Code. We issued a writ of certiorari in this case to decide whether the state statutory provisions had preempted the matter of employment discrimination, thereby rendering invalid local laws, such as Prince George's County's, relating to the same subject.

The appellant, National Asphalt Pavement Association, Inc., is a Maryland Corporation located in Prince George's County. However, at no time has it employed as many as fifteen persons, and thus it is not an "employer" within the meaning of the state statute prohibiting employment dis-

crimination.[1] National Asphalt is, however, an "employer" for purposes of the Prince George's County law.

A complaint was filed with the Prince George's County Human Relations Commission by Betty A. Alvino, charging that her employment with National Asphalt had been terminated because of sex discrimination. The Commission's staff investigated the complaint, although National Asphalt refused to cooperate with the investigation. Following the investigation, the Executive Director of the County Human Relations Commission, pursuant to § 2-204 of the Prince George's County Code, determined that there was reasonable cause to believe that the charge was true and certified the complaint to the Commission for a hearing. The hearing was scheduled for November 13, 1979.

Four days before the administrative hearing was to take place, National Asphalt instituted the present action in the Circuit Court for Prince George's County. National Asphalt sought a declaratory judgment that the Prince George's County law pertaining to discrimination in employment was "invalid as being violative of the State law pertaining to discrimination in employment, which preempts the field." National Asphalt also sought an injunction restraining Prince George's County and county officials, including the Executive Director of the County Human Relations Commission, from conducting further proceedings against the plaintiff pursuant to the county law prohibiting employment discrimination. The parties agreed that the administrative hearings based upon Betty Alvino's complaint should be postponed pending the disposition of the present litigation.[2]

---

**1.** Under Art. 49B, § 15(b), of the Maryland Code, the "term 'employer' means a person engaged in an industry or business who has fifteen or more employees . . . ."

**2.** Because this action is limited to attacking the validity of the county enactment on its face, rather than as applied, it falls within a well-established exception to the principle that an available administrative and judicial review remedy is normally deemed exclusive and must be pursued and exhausted. Shipp v. Bevard, 291 Md. 590, 599, 435 A.2d 1114, 1118, 1120 (1981); Harbor Island Marina v. Calvert Co., 286 Md. 303, 308-309, 407 A.2d 738 (1979), and cases there cited.

Thereafter, the circuit court (Mason, J.), issued a declaratory judgment that the challenged Prince George's County ordinance was not preempted by state law and, therefore, was not rendered invalid by the state law prohibiting employment discrimination. The circuit court also denied the request for an injunction. National Asphalt took an appeal to the Court of Special Appeals, and this Court issued a writ of certiorari prior to argument in the intermediate appellate court. We shall affirm.

National Asphalt concedes that the Maryland General Assembly has not expressly preempted the area of employment discrimination. Instead, the appellant invokes the doctrine of "implied preemption" or "preemption by occupation." Such preemption exists if "the Legislature has acted with such force that an intent by the State to occupy the entire field must be implied . . .," *County Council v. Montgomery Ass'n,* 274 Md. 52, 59, 333 A.2d 596 (1975).

On three occasions recently, this Court has held that county laws were impliedly preempted by the extensive state legislation in the fields involved. *County Council v. Montgomery Ass'n, supra,* held that the General Assembly had preempted the matter of regulating elections to the exclusion of county legislation. In *McCarthy v. Bd. of Education of A. A. Co.,* 280 Md. 634, 374 A.2d 1135 (1977), we held that state legislation had so occupied the field of primary and secondary school education that county laws were precluded. And in *Mont. Co. Bd. of Realtors v. Mont. Co.,* 287 Md. 101, 110, 411 A.2d 97 (1980), the Court held that the assessment and method of taxing real estate was impliedly preempted by state law. National Asphalt relies upon these three cases in contending that the area of employment discrimination has been preempted by occupation. In our view, this reliance is misplaced.

In all three of the above-mentioned cases, the areas held to be preempted were comprehensively dealt with by state law. The state legislation was extensive and embraced virtually the entire area involved. For example, as pointed out in *County Council v. Montgomery Ass'n, supra,* 274 Md. at 61, the state election code "contains detailed provisions

covering every aspect of the electoral process in Maryland." The state laws relating to elections, education and real property assessment and taxation provided for pervasive administrative regulation, including regulation at the county level. Moreover, in each of these fields, the state laws preceded county efforts to legislate.

The state legislation relating to employment discrimination, however, is entirely different. Unlike the extensive and comprehensive provisions of the election, education or taxation articles of the Maryland Code, the matter of employment discrimination is dealt with by five relatively brief sections in Article 49B which do not comprehensively cover the entire field. As previously noted, only industries or businesses employing fifteen or more persons are covered by the state law. Art. 49B, § 15 (b). Employers with less than fifteen employees are not permitted by the state statute to discriminate in their employment practices; they simply are not covered.[3] Similarly, certain categories of employees are not covered by the state statute. Art. 49B, § 15 (e).

Furthermore, at the time state legislation concerning employment discrimination was first adopted by Ch. 717 of the Acts of 1965, there already existed local legislation on the subject. *See, e.g.,* Art. 4, § 10 of the Baltimore City Code, first enacted as Ordinance 103, 1963-1964; § 15-5 of the Baltimore County Code, first enacted in 1963. However, the state law made no mention of the existing local law. This is an important factor indicating that there was no intent by the General Assembly to preempt the field. *City of Baltimore v. Sitnick & Firey,* 254 Md. 303, 322, 255 A.2d 376 (1969).[4]

---

**3.** For this reason, there is no merit to National Asphalt's alternate argument that there is a conflict between the state law and the Prince George's County ordinance to the extent that the latter covers employers with less than fifteen employees. The state statute would have to *permit* discrimination by employers with less than fifteen employees for there to be a conflict under the test set forth in our cases. Mayor and Council of Forest Heights v. Frank, 291 Md. 331, 337, 435 A.2d 425 (1981); City of Baltimore v. Sitnick & Firey, 254 Md. 303, 313-317, 255 A.2d 376 (1969), and cases there cited.

**4.** In the *Sitnick* case, holding that state minimum wage legislation did not preempt the field, this Court relied upon the existence of earlier local legislation in the same field, saying (254 Md. at 322):

Another factor militating against construing the state statute so as to pre-empt local laws, is the continuous administrative construction of the act by the Maryland Commission On Human Relations, the· agency charged with administering and enforcing the state legislation prohibiting employment discrimination. The Commission has continuously operated on the premise that the General Assembly did not intend to preempt the field. It has referred employment discrimination cases to local government human relations commissions, has had conferences with the local commissions, and has strived to support and strengthen the local commissions. This has been pointed out to the Legislature in various annual reports of the state commission. *See, e.g., Annual Report of the Commission On Human Relations to the Governor and General Assembly* (January 1969), pp. 14, 25; *Annual Report, etc.* (January 1970), pp. 11-12, 14; *Annual Report, etc.* (January 1971), pp. 7, 14; *Annual Report, etc.* (1978), p. 21. The consistent construction by the agency responsible for administering a statute is entitled to considerable weight. *Holy Cross Hosp. v. Health Services,* 283 Md. 677, 685, 393 A.2d 181 (1978); *Demory Brothers v. Bd. of Public Works,* 273 Md. 320, 327, 329 A.2d 674 (1974); *Department v. Greyhound,* 247 Md. 662, 669, 234 A.2d 255 (1967).

Consequently, the circuit court correctly declared that the General Assembly, in enacting legislation prohibiting dis-

---

"A review of the chronology of the legislative enactments in the case at bar undermines the argument that the Legislature intended to pre-empt the field of minimum wage regulation. The Legislature in passing its first law made no mention whatever of the City law already in force. It included no repealer of the City law nor, as a matter of fact, the standard clause repealing all inconsistent laws. When the Legislature acted, for the second time, in this field the City law was not only still in effect but had been repealed and reordained with amendments. There is a presumption of statutory construction that the Legislature acts with the knowledge of existing laws on the subject matter under consideration. *Planning Comm. v. Silkor Corp.,* 246 Md. 516, 524, 525, 229 A.2d 135 (1967); *Bell v. State,* 236 Md. 356, 368, 204 A.2d 54 (1964)."

The identical statement could be made regarding the state legislation prohibiting employment discrimination.

criminatory employment practices, did not intend to preempt the area.

*Judgment of the Circuit Court for Prince George's County affirmed. Appellant to pay costs.*