**Christian T. CHEKEY**

v.

**BTR REALTY, INC.**

**Civ. A. No. M–83–1860.**

United States District Court,
D. Maryland.

Dec. 6, 1983.

Sally B. Gold and Hylton & Gonzales, Baltimore, Md., for plaintiff.

Allan J. Malester, David W. Parsons and Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Md., for defendant.

### MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

On June 3, 1983, the plaintiff, Christian T. Chekey, filed this suit against the defendant, BTR Realty, Inc., alleging a claim of age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*, arising from the defendant's termination of the plaintiff. (Paper No. 1). On August 5, 1983, the plaintiff filed a Motion to Amend the Complaint (Paper No. 4), and on September 6, 1983, having received no opposition from the defendant, that motion was granted. (Paper No. 6). The Amended Complaint alleged a violation of the ADEA in Count I, breach of implied contract in Count II, abusive discharge based on tort in Count III, and abusive discharge based on an implied contractual duty in Count IV. (Paper No. 7).

Thereafter, on September 27, 1983, the defendant moved to dismiss Counts II through IV of the Amended Complaint. (Paper Nos. 5 & 8). The plaintiff has filed his opposition. (Paper No. 9). After reviewing these memoranda, the court concludes that no hearing is necessary. Local Rule 6(E).

The defendant's motion as to Counts II through IV is based on the ground that there is no independent cause of action for a claim of abusive discharge in tort or contract based on age discrimination in Maryland. That contention is in turn based on the assertion that Article 49B of the *Maryland Annotated Code,* which proscribes employment discrimination, provides the remedy for a claim of age discrimination and preempts the abusive discharge claims as well as the breach of contract claim.

The plaintiff, on the other hand, asserts that the cause of action of abusive discharge recognized in *Adler v. American Standard Corp. (Adler I),* 291 Md. 31, 432 A.2d 464 (1981), encompasses such claims.

In *Adler I,* the plaintiff filed suit against his employer for abusive discharge. He claimed he was discharged because of his disclosure of the falsification of corporate records and the payment of commercial bribes by his supervisors. The Court of Appeals of Maryland recognized the common law rule, applicable in Maryland, that an at will employment contract, of indefinite duration, can be legally terminated at the pleasure of either party at any time. *Id.* at 35, 432 A.2d 464 (and cases cited therein); *DeBleeker v. Montgomery City,* 292 Md. 498, 438 A.2d 1348 (1982). The court noted, however, that many states, including Maryland, have enacted statutory exceptions to the "terminable at will" doctrine to abrogate an employer's absolute right to discharge an at will employee for any or no reason and that, as well, courts in "a growing number of jurisdictions," *Adler I,* 291 Md. at 43, 432 A.2d 464 have created judicial exceptions to the doctrine. *Id.* at 35, 43, 432 A.2d 464. After reviewing the reasoning of cases in other jurisdictions which have judicially recognized an abusive discharge exception to the terminable at will doctrine based in tort or contract, the court carved out an exception to the terminable at will doctrine and concluded that a new cause of action for abusive discharge should be judicially recognized in Maryland where a clearly identified public policy is violated. *Id.* at 36–43, 432 A.2d

464. Thereafter, when Adler's complaint was amended to recite the requisite degree of specificity of the manner in which certain federal and state tax and antitrust statutes were allegedly offended by his termination, his claim of abusive discharge survived a motion to dismiss. *Adler v. American Standard Corp. (Adler II),* 538 F.Supp. 572, 577–80 (D.Md.1982).

The plaintiff urges this court to apply the *Adler I* holding to the present case in which the plaintiff has filed a claim under the ADEA, but in which he also seeks to assert claims of abusive discharge and breach of implied contract. The public policy allegedly violated is one of opposition to employment discrimination on account of age, enunciated by the Maryland legislature in the Human Relations Act, *Md.Ann. Code,* Art. 49B, and by the federal government in the ADEA. (Paper No. 7, ¶ 18). *Adler II,* 538 F.Supp. at 578–79 (public policy basis not limited to state law).

In enacting Article 49B, the Maryland General Assembly created an elaborate and comprehensive statutory scheme for the investigation and disposition of employment discrimination claims, including claims of discrimination based on age. Article 49B, sections 9, 10 and 11 set forth the administrative procedure in Maryland for relief in such cases. The Maryland Human Relations Commission is empowered under the statute to award monetary relief for violations thereof. *Md.Ann.Code,* Art. 49B, § 11(e).

While it is clear that both the ADEA and Article 49B represent a strong expression of public policy against employment discrimination based on age, it is also clear that the Maryland courts have not recognized an abusive discharge cause of action when there exists a separate statutory remedy providing an exception to the terminable at will doctrine. In *Adler I,* the Maryland Court of Appeals specifically referred to Article 49B as an example of a legislative exception to the terminable at will doctrine. *Adler I,* 291 Md. at 35, 432 A.2d 464. The court stated that the cause

of action under review in *Adler I* was not "specifically prohibited by any Maryland statute." *Id.*

Because the Maryland legislature has already enacted an exception to the terminable at will doctrine based on acts of employment discrimination in Article 49B, and the Court of Appeals of Maryland, in considering the creation of a new judicially recognized cause of action for abusive discharge, noted that it was addressing a situation where there was no statutory remedy, this court concludes that the *Adler I* decision is limited to its facts. There the Maryland appellate court recognized a claim of abusive discharge as an exception to the terminable at will doctrine when public policy is violated but where a statutory exception to that doctrine had not already been provided.[1]

That this reading of the *Adler I* decision is appropriate is demonstrated by the fact that the Maryland courts have previously held that, when a statutory scheme provides a remedy for injury, that statutory scheme provides an exclusive remedy which preempts application of general civil common law, absent indication by the legislature to the contrary. *See White v. Prince George's County,* 282 Md. 641, 649, 387 A.2d 260 (1978). Moreover, the Maryland Court of Appeals has previously held that the statutory remedy provided under Article 49B is exclusive for claims of employment discrimination. *Soley v. State Commission on Human Relations,* 277 Md. 521, 356 A.2d 254 (1976); *Dillon v. Great Atlantic & Pacific Tea Co.,* 43 Md. App. 161, 403 A.2d 406 (1979). Therefore, it cannot be said that the *Adler I* decision recognized a cause of abusive discharge any time public policy is offended.

Judge Ramsey considered the same question as that presented in this case and dismissed the claim of abusive discharge based on age discrimination, reasoning that

"[t]he state policy against discrimination in employment, as expressed by Article 49B, would be impeded rather than promoted if a grievant were allowed to bypass, under the guise of an action for abusive discharge, as plaintiff has attempted to do, the very administrative mechanisms created by the Maryland legislature to administer and resolve such claims."

*MacGill v. Johns Hopkins University,* No. R–81–2127, slip op. at 11 (D.Md., April 12, 1983).

Several other federal courts have held that an action for abusive discharge does not lie, or that the public policy exception does not apply, where a statutory remedy to enforce the policy exists. *Bruffett v. Warner Communications, Inc.,* 692 F.2d 910, 915–20 (3d Cir.1982); *Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 195 (3d Cir.1977); *Parets v. Eaton Corp.,* 479 F.Supp. 512, 518 (E.D.Mich.1979); *Vasques v. National Geographic Society,* No. J–81–3088 (D.Md., August 11, 1982) (Jones J.). *See also Shaffer v. National Can Corp.,* 565 F.Supp. 909 (E.D.Pa.1983).

Due to the narrow scope of the question addressed by the Maryland court in *Adler I,* and in light of the reasoning of other courts which have addressed this question, this court concludes that Counts II[2] through IV of the plaintiff's amended complaint should be dismissed as the Maryland courts have not recognized a judicial exception to the terminable at will doctrine for a violation of clear public policy where a stat-

---

**1.** The recent case of *Williamson v. Provident State Bank,* No. 4098 (Caroline County, Law, Carter, J.) goes no further than did the court in *Adler I.* In *Williamson,* although Judge Carter recognized a cause of action for abusive discharge based on a violation of public policy for a claim of sex discrimination, it is clear that an alternative statutory remedy was not available to the plaintiff who was employed by an entity having less than 15 employees.

**2.** Count II is not an abusive discharge claim but instead alleges a claim of breach of implied contract of good faith and fair dealing. The plaintiff concedes that the *Adler I* decision did not recognize such an exception to the terminable at will doctrine, but urges this court to hold, as other state courts have, that the implied covenant of good faith and fair dealing exists. Because the Maryland courts have not recognized this cause of action, this court is unable to do so.

718

utory exception already exists to redress violations of that public policy.

Accordingly, it is this 6th day of December, 1983, by the United States District Court for the District of Maryland, ORDERED:

1. That the Motion to Dismiss Counts II–IV of the Amended Complaint be, and the same is hereby, GRANTED.

2. That the Clerk shall mail a copy of this Memorandum and Order to counsel for both parties.