**Fara KERRIGAN**

v.

**MAGNUM ENTERTAINMENT, INC.**

**Civ. No. L–91–1583.**

United States District Court,
D. Maryland.

Aug. 31, 1992.

---

Alan Hilliard Legum, Annapolis, Md., for plaintiff.

Stephen B. Forman, Washington, D.C., for defendant.

## MEMORANDUM

LEGG, District Judge.

In this case the Court is called upon to decide whether Maryland recognizes a common law action for the alleged gender-motivated discharge of a pregnant woman whose employer, a small business, is not subject to federal and state civil rights statutes. Before the Court is a motion to dismiss the plaintiff's complaint filed by defendant Magnum Entertainment, Inc. ("Magnum").[1] For the following reasons, Magnum's motion will be denied.

## I. FACTS AND PROCEDURE

Plaintiff Fara Kerrigan ("Kerrigan") is a former employee of defendant Magnum. Kerrigan claims that she was terminated by Magnum two weeks after she informed her employer that she was pregnant; her complaint alleges sex discrimination.

Kerrigan originally filed this cause of action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e–17 (1982) and the Maryland Fair Employment Practices Law, MD. ANN.CODE art. 49B, § 16(a) (1986).[2]

Upon discovering, however, that Magnum employed fewer than fifteen persons, Kerrigan determined that she had no remedies available to her under Title VII or art. 49B; she then amended her complaint to allege a claim for wrongful (or abusive) discharge, arguing that her termination is actionable at common law because Magnum violated a clear public policy of the state of Maryland. Kerrigan alleges that this Court has jurisdiction over her claim under 28 U.S.C. § 1332 (1966) (diversity of citizenship).

## II. DISCUSSION

Magnum seeks to dismiss Kerrigan's amended complaint, arguing pursuant to Fed.R.Civ.P. 12(b)(6) that it fails to state a claim upon which relief can be granted. Because this is a Rule 12(b)(6) motion, the Court is required to view the allegations in Kerrigan's complaint in the light most favorable to her. *McIver v. Russell*, 264 F.Supp. 22 (D.Md.1967). This Court therefore assumes *arguendo* that the facts stated in Kerrigan's complaint are true and that Magnum discharged her solely because of her pregnancy. Because this is a diversity action, state law supplies the applicable rule of decision. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Thus, the question before the Court is whether Maryland law recognizes a common law claim for wrongful discharge based upon alleged sex discrimination when the plaintiff has no available statutory remedies.

Prior to 1981, when the Maryland Court of Appeals decided *Adler v. American Standard Corp.*, 291 Md. 31, 432 A.2d 464 (1981), employees in Maryland were generally considered "at will", and could be terminated at the discretion of their employ-

---

**1.** An answer in opposition to Magnum's motion was filed by plaintiff Fara Kerrigan to which Magnum has filed a reply. Having reviewed the parties' papers, the Court finds that this motion may be decided without a hearing. *See* Local Rule 105.6 (D.Md.1989).

**2.** Title VII prohibits discrimination in employment on the basis of race, color, religion, sex or national origin by any person employing *fifteen or more employees*. 42 U.S.C. § 2000e(b) (emphasis added).

Created in response to Title VII, § 14 of MD. ANN.CODE art. 49B prohibits employment discrimination on the basis of race, color, religion, ancestry or national origin, sex, age, marital status, or physical or mental handicap. Under § 15(b), an "employer" is defined to be "a person engaged in an industry or business who has *fifteen or more employees* for each working day in each of twenty or more calendar weeks in the current or preceding calendar year ..." (emphasis added).

ers without legal recourse. The *Adler* Court acknowledged, however, that statutes such at art. 49B "engrafted exceptions upon the terminable at will doctrine that abrogate an employer's absolute right to discharge an at will employee for any or no reason." 432 A.2d at 467. To these statutory exceptions, the *Adler* Court added another; the Court held that a common law cause of action for wrongful discharge would lie if a terminated employee could show that the motivation for the discharge "violated a clear mandate of the public policy of this state."[3]  432 A.2d at 471.

Since 1981, when *Adler* was decided, a number of decisions have sketched the outlines of the *Adler* doctrine. Several cases have addressed whether alleged discrimination on the part of an employer can sustain a common law claim for wrongful discharge under *Adler*. In *Makovi v. Sherwin Williams Co.*, 316 Md. 603, 561 A.2d 179 (1989), the Maryland Court of Appeals held that a claim of abusive discharge based on alleged sex discrimination could not stand when the claim was covered by other remedial provisions of Maryland law, such as art. 49B. The Court stated that the tort of "[a]busive discharge is inherently limited to remedying only those discharges in violation of clear mandates of public policy which otherwise would not be vindicated by a civil remedy." 561 A.2d at 180.

Other courts interpreting *Adler* have come to similar conclusions. *See, e.g., Childers v. Chesapeake & Potomac Telephone Co.*, 881 F.2d 1259, 1266 (4th Cir. 1989) (private cause of action for wrongful discharge based on art. 49B not recognized because plaintiff had statutory and administrative remedies); *accord Parlato v. Abbott Laboratories*, 850 F.2d 203, 205 (4th Cir.1988), *aff'd*, 886 F.2d 1429 (4th Cir. 1989); *Glezos v. Amalfi Ristorante Italiano, Inc.*, 651 F.Supp. 1271 (D.Md.1987); *Chekey v. BTR Realty, Inc.*, 575 F.Supp. 715 (D.Md.1983). It is clear that when a remedy is available under Title VII or art.

49B, an action for wrongful discharge will not lie in Maryland.

The aforementioned cases can be distinguished from the case *sub judice*, however, because this case involves a plaintiff who *lacks* alternative statutory remedies because her employer is exempted from Title VII and art. 49B. The question this Court must decide, therefore, is whether Maryland would create an *Adler* cause of action for wrongful discharge based on alleged sex discrimination when no statutory or other remedy is available to the plaintiff.

It is clear that art. 49B, which prohibits sex discrimination in employment, represents the public policy of the state of Maryland. Magnum contends, however, that in creating art. 49B, the General Assembly carefully and deliberately balanced the competing concerns of (i) prohibiting discrimination, (ii) the employer's interest in being able to discharge an at-will employee, and (iii) the protection of small businesses. Defendant's Memorandum at 7–8. Magnum suggests that had the General Assembly intended to expose small businesses such as Magnum to the reach of art. 49B, it would have so provided. Accordingly, Magnum asserts that its exclusion from the scope of Title VII and art. 49B is the result of deliberate legislative intent to avoid burdening small businesses with suits alleging discrimination in employment. Bluntly put, Magnum argues that the General Assembly intended to grant small business in Maryland a license to discriminate against their employees with impunity.

While there are no Maryland cases squarely on point, two state decisions—one at the trial level and one at the appellate level—construe the legislative intent behind art. 49B and refute Magnum's claims. In *Williamson v. Provident Savings Bank*, 38 F.E.P. Cases 1335 (Md.Cir.Ct. Caroline County 1981), the plaintiff's complaint included a count for abusive dis-

---

**3.** Although the *Adler* Court held that the plaintiff's complaint was too vague and conclusory to state an actionable claim, it recognized that the basis for the complaint (Adler's allegation that he was terminated for disclosing the criminal activity of his fellow employees) could be viable under Maryland common law. 432 A.2d at 467.

charge based on sex discrimination.[4] Because the defendant bank in *Williamson* employed fewer than fifteen persons, the Circuit Court for Caroline County found that art. 49B did not specifically apply. 38 F.E.P. Cases at 1336. Nevertheless, the Court concluded that the complaint stated a viable common law cause of action based on the clear public policy against discrimination set forth in the statute. It thus held that art. 49B was not the plaintiff's exclusive remedy and permitted plaintiff's wrongful discharge claim to lie. *Williamson*, 38 F.E.P. at 1336.[5]

In the second of the cases, the Maryland Court of Appeals determined that art. 49B should not be construed to immunize small employers from suit. *National Asphalt Pavement Association, Inc. v. Prince George's County*, 292 Md. 75, 437 A.2d 651 (1981). The Court of Appeals granted certiorari to consider the legality of a local anti-discrimination ordinance enacted by Prince George's County. The employer/plaintiff in *National Asphalt* fell within the scope of the local ordinance, but was exempt from art. 49B because it employed fewer than fifteen persons. The Court of Appeals found that art. 49B did not impliedly preempt the local ordinance because it (i) did not comprehensively cover the entire field of employment discrimination and (ii) made no mention of existing local anti-discrimination laws. The Court stated further that:

> only industries or businesses employing fifteen or more persons are covered by the state law. Art. 49B, § 15. Employers with less than fifteen employees are not permitted by the state statute to discriminate in their employment practices; they simply are not covered [by art. 49B].

437 A.2d at 653.

Thus, Maryland courts have not read art. 49B as evidencing an intention to grant small business a charter to discriminate. To the contrary, they have held that while art. 49B exempts small business from its burdensome administrative requirements, there is no reason to construe art. 49B as exempting small business from its anti-discrimination policy. Because art. 49B evidences a clear policy against employment discrimination, and because this Court finds no legislative intent on the part of the General Assembly to exempt small business from the policy animating art. 49B, the Court finds that an *Adler* wrongful termination claim based on alleged discrimination will lie in Maryland for claimants whose former employers employ fewer than fifteen persons. Thus, this Court holds that Kerrigan has stated a viable cause of action under Maryland law and that her complaint survives Magnum's Rule 12(b)(6) motion.

The Court recognizes that the result reached herein means that cases involving small employers will be litigated in court without an initial attempt at administrative conciliation.[6] This result, however, is compelled by the *Adler* Court's decision to allow a common law cause of action for wrongful discharge whenever the alleged grounds for termination violate a clearly established public policy of this State. Accordingly, the Court will deny Magnum's

---

4. In Maryland, only the decisions of the state's appellate courts, the Court of Special Appeals and the Court of Appeals, are officially published.

5. *But see* 3A L. Larson and A. Larson *Employment Discrimination* § 121.21, at 26–127–28 (1991) (finding *Williamson* possibly violative of a public policy espoused by the Maryland Legislature to protect small business).

6. Title VII was conceived as "a means to resolve disputes about racial discrimination in private employment through conciliation rather than litigation as an initial matter." *Patterson v. McLean Credit Union*, 491 U.S. 164, 173, 109 S.Ct. 2363, 2371, 105 L.Ed.2d 132 (1989). The federal (and then state) anti-discrimination laws thus center upon detailed administrative procedures in which disputes involving claims of discrimination are first reviewed, and if possible, mediated by the Equal Employment Opportunity Commission ("EEOC") (or the EEOC's state counterpart, the Maryland Human Relations Commission) before civil litigation may be commenced. This intended benefit is, because of the fifteen employee threshold of Title VII and art. 49B, unavailable to employers that, because of their small size, may be most in need of access to mediation as a means of avoiding the costs of litigation.

motion to dismiss in a separate order entered herewith. IT IS SO ORDERED.