**Pamela DOUGLAS**

v.

**COCA–COLA BOTTLING COMPANY OF NORTHERN NEW ENGLAND, INC. et al.**

**No. CV–04–097–L.**

United States District Court, D. New Hampshire.

May 31, 1994.

Kathleen C. Peahl, Wadleigh, Starr, Peters, Dunn & Chiesa, Manchester, NH, for plaintiff.

Peter Bennett, Herbert H. Bennett and Associates, PA, Portland, ME, Robert E. Jauron, McLane, Graf, Raulerson & Middleton, Manchester, NH, for defendant.

## ORDER

LOUGHLIN, Senior District Judge.

Before the Court is defendant Richard Neal's Motion To Dismiss (doc. # 4) and defendant Coca–Cola Bottling Company of Northern New England's Motion To Dismiss (doc. # 8). For the reasons stated below, the defendants' motions to dismiss are denied.

*FACTS*

Plaintiff, Pamela Douglas, has filed a claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended by the Civil Rights Act of 1991 whereby she seeks damages for unlawful sexual harassment while employed by Coca–Cola Bottling Company of Northern New England ("CCNE").

Douglas alleged in her complaint that she was initially hired as an administrative assistant for CCNE at its Salem, New Hampshire plant on January 16, 1989. Shortly thereafter, she was transferred to its Londonderry plant. Initially, Douglas' supervisor was Ed Bryant. However, in January 1990, Mr. Bryant was replaced as plant manager by defendant Richard Neal. At that time, Douglas began reporting directly to defendant Neal.

Douglas maintains that her job performance was satisfactory as evidenced by an October 1991 evaluation which rated her performance as very good in most categories and for which she received a significant salary increase. She alleges that beginning in May 1991, defendant Neal "made sexually suggestive statements, massaged [her] shoulders, hit [her] on the buttocks, and pretended to touch [her] breasts" on more than one occasion. Complaint at ¶ 18. Douglas claims this conduct was uninvited.

In late October, early November 1991, Neal accompanied Douglas to lunch during which he "told Plaintiff he was sexually attracted to her and that he wished to have an affair with her." Complaint at ¶ 22. Douglas changed the subject and from that point tried "to keep her distance" from Neal and to keep their relationship professional. Complaint at ¶ 23. Douglas alleges that as a consequence, Neal began criticizing her work. On December 27, 1991, Neal called her into his office where he verbally berated her and criticized her job performance and attitude. Douglas was not given an opportunity to defend herself but was "told to sit down and shut up." Complaint at ¶ 27. She left in tears. On December 30, 1991, Doug-

las gave Neal a letter which addressed his concerns and requested a meeting to discuss her return to work. Finally on December 31, 1991, Douglas met with Neal at which time she was fired.

Defendant Neal has moved to dismiss Count I and II of plaintiff's complaint on the grounds that an individual supervisor cannot be held liable as an employer under Title VII. Defendant Neal also requests the dismissal of Count IV for lack of personal or subject matter jurisdiction if he is not found to be an employer for Title VII purposes. Lastly, defendant Neal argues to dismiss Count III for wrongful discharge and Count V for breach of implied covenant of good faith and fair dealing because Title VII provides plaintiff with her exclusive remedy.

Defendant CCNE has moved to dismiss Counts III and V arguing that New Hampshire common-law does not recognize the wrongful discharge and breach of implied covenant claims since adequate state and federal statutory causes of action exist.

*DISCUSSION*

In ruling on a motion to dismiss, the material facts alleged in the complaint are construed in the light most favorable to the non-moving party, and taken as true, with dismissal ordered only if the non-moving party is not entitled to relief under any set of facts it could prove. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Knight v. Mills,* 836 F.2d 659, 664 (1st Cir.1987); *Melo–Tone Vending, Inc. v. United States,* 666 F.2d 687, 688 (1st Cir. 1981). The issue is not whether the non-moving party will ultimately prevail, but whether the non-moving party is entitled to offer evidence to support its claims. *Scheuer v. Rhodes,* 416 U.S. at 236, 94 S.Ct. at 1686.

## I. MOTION TO DISMISS COUNTS I AND II—DEFINITION OF EMPLOYER

Title VII states in pertinent part that

[i]t shall be an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e–2(a)(1).

Title VII defines employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year, and any agent of such a person." 42 U.S.C. § 2000e(b). "The First Circuit has not yet defined 'agent' as it appears in § 2000e(b); however there is general agreement among the circuits which have addressed the issue that an 'agent' of an 'employer' is subject to individual liability under Title VII." *Lamirande v. Resolution Trust Corp.,* 834 F.Supp. 526, 528 (D.N.H.1993).

■ Defendant Neal argues that he is not an employer under § 2000e(b) and therefore cannot be held liable under § 1981a(b)(3)(A), citing *Miller v. Maxwell's Int'l, Inc.,* 991 F.2d 583 (9th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994) as support. The *Lamirande* court did consider the reasoning in *Miller* and expressly rejected it. *Lamirande,* 834 F.Supp. at 528. Instead, the *Lamirande* court gave effect to the plain language of the statute, §§ 2000e(b) and 2000e–2(a)(1), "which clearly impose[s] individual liability upon 'any agent of' an 'employer.' " *Lamirande,* 834 F.Supp. at 529. Absent a First Circuit case defining the term employer, this Court has found *Lamirande* persuasive. See *Miller v. Cabletron Systems, Inc.,* # C–92–182–L, Order On Motion For Summary Judgment, 1994 WL 258649 (February 15, 1994). The Court finds that §§ 2000e(b) and 2000e–2(a)(1) impose individual liability on any agent of an employer.

■ Taking the facts alleged in the complaint in the light most favorable to the non-moving party, the court finds that the plaintiff has alleged facts in her complaint sufficient to support her claims against defendant Neal as an agent of an employer. Douglas claims that Neal was her supervisor and that he had the authority to hire, to fire and to affect the terms of her employment. As such, Neal meets the definition of an agent of

an employer for the purposes of Title VII. *See Paroline v. Unisys Corp.*, 879 F.2d 100, 104 (4th Cir.1989) (an agent under Title VII is one who serves in a supervisory position and exercises significant control over hiring and firing). Indicative of his authority is the allegation that Neal subjected Douglas to unwelcome sexual advances and as a result of her rejections criticized her attitude and job performances and eventually terminated her employment.

■ Neal also argues in his reply brief (doc. # 10) that plaintiff failed to meet the jurisdictional prerequisite to file a Title VII case in that she did not name Neal in the preceding Equal Employment Opportunity Commission ("EEOC") discrimination claim. However, after reviewing the EEOC Charge of Discrimination No. 16D920129, the Court finds that plaintiff did name and discuss defendant Neal very specifically in the particulars. Defendant Neal was provided with adequate notice that his conduct would be subject to inquiry by the EEOC and the New Hampshire Commission for Human Rights. Further, Neal also had adequate opportunity to discuss settlement. Accordingly, defendant Neal's motion to dismiss as to Counts I and II of the plaintiff's complaint is denied.

## II. MOTION TO DISMISS COUNT IV—JURISDICTION

Neal's jurisdictional arguments need not be addressed since the Court has not dismissed Counts I and II against Neal. Thus, this Court continues to maintain federal question jurisdiction over defendant Neal.

## III. MOTION TO DISMISS COUNTS III AND V—EXCLUSIVE REMEDY

Next, Neal argues that Counts III and V should be dismissed because Title VII provides the plaintiff with a statutory remedy. Specifically, Neal claims that New Hampshire common-law does not recognize claims for wrongful discharge or for breach of implied covenant of good faith and fair dealing when an adequate statutory cause of action and remedy already exist.

■ This district court has previously allowed a plaintiff to pursue both a Title VII claim as well as common-law claims for wrongful discharge. *See Chamberlin v. 101 Realty, Inc.*, 626 F.Supp. 865 (D.N.H.1985), *aff'd* 915 F.2d 777 (1st Cir.1990). In fact, this Court has recently rejected Neal's argument that state law claims for wrongful discharge are preempted by Title VII. *See Miller, supra*. Title VII has been interpreted as supplementing not supplanting existing rights. *Ramos v. Roche Products, Inc.*, 936 F.2d 43 (1st Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 379, 116 L.Ed.2d 330 (1991). Accordingly, defendant Neal's motion to dismiss Counts III and V of the complaint are denied.

Defendant CCNE presents a similar argument with an additional twist. CCNE argues not only that the state common-law claims are invalid because of the federal statutory remedy under Title VII, but also because the exclusive remedy in this case under state law is NH RSA 354–A:21 et seq.

To the extent that CCNE sets forth the same argument that Neal did that the state common-law claims are invalid because of the federal Title VII statutory remedy, that argument is rejected for the same reasons as previously stated.

■ In regard to CCNE's additional argument, NH RSA 354–A:21 does provide a person aggrieved by an unlawful discrimination practice an avenue of recourse. But the statute is not the only avenue the complainant may choose. In fact, the plain language of the statute makes clear that a complainant may pursue a remedy under this chapter but is not compelled to do so. The Court is hesitant to adopt the defendant's position that the mere fact the complainant selects a different remedy forecloses that person from setting forth recognized state common-law causes of action.

NH RSA 354–A:21 states that "[a]ny person claiming to be aggrieved by an unlawful discrimination practice *may* make ... a verified complaint ..." Nowhere in the chapter does it say that if a person does not bring a complaint under this chapter that person loses her state common-law claims. It follows, therefore, that NH RSA 354–A:21 is not an

exclusive remedy, rather an alternative means of seeking relief.

It is true in this case, that the plaintiff brought an administrative action under this chapter and that action was dismissed. CCNE would have the Court believe that the consequence of this administrative dismissal is that the plaintiff loses the right to set forth a state common-law cause of action. CCNE cites the language of RSA 354–A:25 which states:

Nothing contained in this chapter shall be deemed to repeal any of the provisions of the civil rights law or any other law of this state relating to discrimination because of age, sex, race, creed, color, marital status, physical or mental disability or national origin; but, as to acts declared unlawful by this chapter the procedure provided in this chapter shall, while pending, be exclusive and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned.

NH RSA 354–A:25.

The defendant adds emphasis to the statement that "the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned." In doing so, it completely reads this sentence out of context. The Court believes emphasis should be added to the words "as to acts declared unlawful by this chapter" and "while pending". Furthermore, the above provisions should be considered with the language in RSA 354–A:22 which states that "[i]f the complainant brings an action in federal court arising out of the same claims of discrimination which formed the basis of an order or decision of the Commission, such order or decision shall be vacated ..." Consider also additional language in RSA 354–A:25 stating "[t]he provisions of this chapter shall be construed liberally for the accomplishment of the purposes thereof."

The implication of this language is clear. RSA 354–A:21 is not an exclusive remedy. It is merely a vehicle in which a complainant may seek administrative recourse by the Commission for Human Rights. The language referring to "exclusive" and "final determination" only apply to acts declared "unlawful" by the Commission. In this case, the Commission found "[n]o probable cause to credit the allegations of the complainant.". See Exhibit 2, Defendant CCNE's Motion To Dismiss. If the Commission finds a lack of evidence of unlawful acts, as it did in this case, the complainant is not foreclosed from proceeding with a lawsuit. Even if the Commission had found favorably for the complainant, RSA 354–A:22(V) indicates that she could have pursued her claims in federal court and vacated the decision by the Commission. Furthermore, the exclusivity of this remedy only exists when the administrative action is "pending", providing further evidence that the legislative intent of this statute is to provide an alternative non-exclusive remedy.

If the New Hampshire legislature intended to make the administrative procedures in RSA 354–A:21 exclusive having a preemptory effect, it would have included an express preemption clause. RSA 354–A:25 does state that "[i]f such individual institutes any action based on such grievance without resorting to the procedure provided in this chapter, such person may not subsequently resort to the procedure in this chapter ..." It does not say, however, that if a person first resorts to the procedures in this chapter, that person may not later institute a civil action setting forth state common-law claims.

It follows, therefore, that the plaintiff may assert her state common-law claims in federal court without regard to the decision reached by the Commission for Human Rights.

The defendant cites various cases from other jurisdictions supporting the position that it maintains. See e.g., Lapinad v. Pacific Oldsmobile GMC, Inc., 679 F.Supp. 991 (D.Haw.1988); Salazar v. Furr's, Inc., 629 F.Supp. 1403 (D.N.M.1986); Makovi v. Sherwin–Williams Co., 316 Md. 603, 561 A.2d 179 (1989). There are, however, many decisions from other jurisdictions reaching a conclusion lending support to this Court's position. See e.g., Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975); Lally v. Copygraphics,

85 N.J. 668, 428 A.2d 1317 (1981); *National Asphalt Pavement Ass'n v. Prince George's County*, 292 Md. 75, 437 A.2d 651 (1981).

The limited First Circuit law the plaintiff cites can be easily distinguished since those cases were decided under Massachusetts law and did not deal with the instant statute which includes plain language indicating a legislative intent of non-exclusivity. *See Grubba v. Bay State Abrasives, Division of Dresser Industries, Inc.*, 803 F.2d 746 (1st Cir.1986); *Magerer v. John Sexton & Co.*, 912 F.2d 525 (1st Cir.1990). Furthermore, each involved comprehensive statutory schemes providing for private causes of action. *Id.* The instant statutory scheme, on the other hand, is limited in that it merely allows for a process of petitioning the Commission for Human Rights to redress the unlawful conduct.

The plaintiff cites one New Hampshire opinion as authority for its position, *Howard v. Dorr Woolen Co.*, 120 N.H. 295, 414 A.2d 1273 (1980), which states that "[t]he proper remedy for an action for unlawful age discrimination is provided for by statute." The Court does not interpret this case to mean that all common-law causes of action are invalid if a statute discusses the problem the cause of action remedies. This is especially so where there is no express preemption clause within the instant statutory scheme.

Since there appears to be no New Hampshire opinions addressing the identical issue that this case presents, this Court is hesitant to find that the New Hampshire Supreme Court forecloses any non-statutory remedy for sexual discrimination as a result of an existing statute providing an administrative remedy for that problem. As such, CCNE's motion to dismiss Counts III and V must be denied since the plaintiff sets forth valid state common-law causes of action.

*CONCLUSION*

For the reasons stated above, the defendants', Richard Neal and CCNE, Motions to Dismiss (doc #s 4 and 8) are hereby denied in their entirety.