Kendra WILLEY

v.

**Vonzell WARD, et al.**

**No. Civ.A. DKC 2001–1238.**

United States District Court, D. Maryland.

April 15, 2002.

Kendra Willey, Bowie, MD, Pro se.

Kimberly Smith Ward, Law Office, Baltimore, MD, John F. Breads, Jr., Local Government Insurance Trust, Columbia, MD, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this employment discrimination action are (1) the motion of Defendant Calvert County, Maryland ("Calvert County, Maryland") to dismiss pursuant to Fed. R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment, and (2) the motion of Defendants State of Maryland and Vonzell Ward to dismiss pursuant to Fed.R.Civ.P. 12(b)(5) or (6) or, in the alternative, for summary judgment. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendants' motions to dismiss will be granted.

### I. Background

The following facts are alleged in the complaint by the Plaintiff. Kendra Willey applied for employment with the Calvert County Sheriff's Department on or about April 14, 1999. On or about August 27, 1999, Willey received an offer of employment for the position of Deputy Sheriff from the Department contingent upon her passage of a pre-employment psychological examination. Dr. Jack Leeb, a psy-

chologist designated by the Sheriff's Department of Calvert County to perform pre-employment psychological examinations, examined Willey on or about August 30, 1999. Dr. Leeb recommended that Willey be rejected for employment with the Sheriff's Department on or about September 1, 1999, based upon a gender-biased interpretation of her psychological tests and Willey's interview with Dr. Leeb. This recommendation was based upon an inappropriate use of psychological tests and his erroneous perception that she had a disability that would preclude her from performing as an employee of the Calvert County Sheriff's Department. Willey was rejected for employment with the Sheriff's Department on September 2, 1999 on the basis of Dr. Leeb's recommendation.

Willey filed a Charge of Discrimination with the Maryland Commission on Human Relations, alleging discrimination on the basis of gender and a perceived disability of a predisposition to alcoholism, that was sent to the EEOC by the Commission for dual filing purposes, on March 6, 2000. On December 22, 2000, the Commission issued a written finding of no probable cause of discrimination. On April 25, 2000, Willey filed suit *pro se* against Defendants in this court alleging the following claims: Count One—Title VII of Civil Rights Act of 1964; Count Two—Maryland Human Rights Act; Count Three—Americans with Disabilities Act/Rehabilitation Act ("ADA"); Count Four—Maryland Human Rights Act. Defendant, Calvert County, Maryland, moved for dismissal or, in the alternative, summary judgment on August 30, 2001. Defendants, State of Maryland and Vonzell Ward, moved for dismissal or, in the alternative, summary judgment on September 4, 2001. Willey was provided with a *Roseboro* notice of Defendants' additional argu-

ments for summary judgment and was granted an extension of time to file her opposition.[1] Willey did not file an opposition memorandum.

## II. Standard of Review

### Motion to Dismiss

A Rule 12(b)(6) challenge requires a court to accept all well-pled allegations of the complaint as true and to construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir.1997). Such a motion ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The court, however, need not accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir.1989), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979). Nevertheless, neither vagueness nor lack of detail is a sufficient ground on which to grant a motion to dismiss. *Hill v. Shell Oil Co.*, 78 F.Supp.2d 764, 775 (N.D.Ill.1999) (quoting *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir.1985)).

## III. Analysis

### A. Insufficiency of Service

■■■ Defendants State of Maryland and Vonzell Ward assert that they were never properly served with Plaintiff's complaint. Fed.R.Civ.P. 4(j)(2) provides in pertinent part, that:

be advised of their right to file responsive material to a motion for summary judgment).

---

1. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir.1975) (holding *pro se* plaintiffs should

Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of such summons or other like process upon any such defendant.

Maryland Rule 2–124(i) states that service upon the State of Maryland is made "by serving the Attorney General or an individual designated by the Attorney General in a writing filed with the Chief Clerk of the court and by serving the Secretary of State." In the instant case service was deficient under Maryland law. Defendants attest that the complaint was left with Joseph McKenny at the front desk of the Calvert County Sheriff's Office, 175 Main Street, Prince Frederick, Maryland, on August 15, 2001, with a request that he deliver the papers to the current Sheriff of Calvert County. This delivery was the only service of process upon the State of Maryland or Vonzell Ward, who was no longer Sheriff of Calvert County. Plaintiff has not stated that service was performed on the Office of the Attorney General or on Vonzell Ward personally. Plaintiff has not demonstrated that Ward or the State of Maryland appointed Joseph McKenny as an agent, as is required by Maryland Rule 2–124(a). *See Quann v. Whitegate–Edgewater*, 112 F.R.D. 649, 656 (D.Md.1986). It is a well-established principle that "[w]hen a statute designates a particular officer to whom the process may be delivered, and with whom it may be left, . . . no other officer or person can be substituted in his place." *Amy v. City of Watertown*, 130 U.S. 301, 317, 9 S.Ct. 530, 32 L.Ed. 946 (1889).

Rule 12(b)(5) of the Federal Rules of Civil Procedure provides for the filing of a motion to dismiss based on insufficiency of service of process. *Braithwaite v. Johns Hopkins Hospital*, 160 F.R.D. 75, 77 (D.Md.1995). As Plaintiff failed to serve the Attorney General of Maryland and Vonzell Ward, this court lacks jurisdiction over both the State of Maryland and Ward and must dismiss Plaintiff's complaint against the State of Maryland and Ward without prejudice pursuant to Rule 12(b)(5).

## B. Title VII and ADA claims against Calvert County, Maryland

■ Calvert County asserts that it is not a proper defendant to Willey's Title VII or ADA claims because it was not Willey's employer or potential employer. Employers are liable under Title VII for "refus[ing] to hire . . . any individual . . because of such individual's . . . sex." 42 U.S.C. § 2000e–2(a)(1) (1991). Under the ADA, employers are prohibited from discriminating "against a qualified individual with a disability because of the disability . . . in regard to . . . the hiring . . . of employees." 42 U.S.C. § 12112(a) (1991).

Willey names Calvert County as a defendant, presumably on the assumption that "the 'Sheriff's Department' is a county agency". *Boyer v. Maryland*, 323 Md. 558, 594 A.2d 121, 128 (1991). Maryland courts hold that:

as a matter of Maryland law, the Sheriff and Deputy Sheriffs of [a Maryland County] are officials and/or employees of the State of Maryland rather than of [the] County. The role of a sheriff as a State constitutional officer whose duties are subject to control by the General Assembly leads us to the conclusion that sheriffs are State rather than local government employees. Because a deputy sheriff functions as the alter ego of the sheriff, and exercises the same authori-

ty, we reach the same conclusion with respect to deputy sheriffs.

*Rucker v. Harford County,* 316 Md. 275, 558 A.2d 399, 402 (1989). Because in Maryland Deputy Sheriffs are not county employees, Calvert County was not Willey's potential employer and, thus, cannot be held liable under Title VII or the ADA. Therefore, Willey has failed to state a claim against Calvert County under Title VII or the ADA upon which relief can be granted.

### C. Maryland Human Rights Act Claims against Calvert County, Maryland

Willey alleges in Counts Two and Four that Defendants violated the "Maryland Human Rights Act." Paper No. 1, ¶¶ 14–15, 20–21. Defendants assume that Plaintiff intends to assert violations of the Maryland Fair Employment Practices Law, MD.ANN.CODE art. 49B, §§ 14–18 (1998). However, there is no provision in the Maryland Code entitled the Maryland Human Rights Act. Thus, the court does not know under which provision of Maryland law Willey is attempting to state a claim.

■ If Defendants' assumption that Willey is stating a claim under the Maryland Fair Employment Practices Law is correct, Willey has failed to state a claim because there is no private right of action under Art. 49B to remedy alleged employment discrimination. *Dillon v. Great Atlantic and Pacific Tea Co.,* 43 Md.App. 161, 403 A.2d 406, 409 (1979) ("If the statute does not authorize a particular form of relief, and the common law recognizes no such cause of action, that form of relief is not available"). Therefore, Willey has failed to state a claim in Counts Two and Four upon which relief can be granted.

## IV. Conclusion

For the reasons stated above, Plaintiff's claim is dismissed with respect to all defendants. A separate order will follow.

### ORDER

In accordance with the accompanying Memorandum Opinion, IT IS this ____ day of April, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendants' Motions to Dismiss BE, and the same hereby ARE, GRANTED;

2. All claims against Vonzell Ward, the State of Maryland, and Calvert County, Maryland BE, and the same hereby ARE, DISMISSED;

3. The clerk transmit copies of the Memorandum Opinion and this Order to Plaintiff and to counsel for Defendants and CLOSE this case.