523 P.2d 42

**IDAHO TRAILER COACH ASSOCIATION and Kit Manufacturing Co., Plaintiffs-Respondents,**

**and**

**Circle K Corporation, Intervenor-Respondent,**

**v.**

**Bartlett R. BROWN, Commissioner of Labor, Idaho Department of Labor, et al., Defendants-Appellants.**

**No. 11445.**

Supreme Court of Idaho.

June 10, 1974.

W. Anthony Park, Atty. Gen., Wayne V. Meuleman, Deputy Atty. Gen., Boise, for appellants.

R. Michael Southcombe of Clemons, Cosho, Humphrey & Samuelsen, Elam, Burke, Jeppesen, Evans & Boyd, Boise, for respondents.

McFADDEN, Justice.

Idaho Trailer Coach Association, an association consisting of suppliers to trailer manufacturers and trailer manufacturers, and Kit Manufacturing Company, a California trailer manufacturer authorized to do business in Idaho, brought an action under the Uniform Declaratory Judgment Act, Title 10, Ch. 12, of the Idaho Code, to declare I.C. § 44–1107 null and void. I.C. § 44–1107 provides:

"It shall be unlawful to employ any female employee in any mechanical or mercantile establishment, laundry, hotel or restaurant, or telegraph or telephone establishment, or office, or by any express or transportation company, in this state more than eight (8) hours in any one (1) day, or over forty-eight (48) hours in any work week, without the payment of time and a half for each hour worked in excess of eight (8) hours in any twenty-four (24) hour period, or each hour worked in excess of forty-eight (48) hours in any work week. Provided, however, that the provisions of this section in relation to the hours of employment shall not apply to nor affect females employed in harvesting, packing, curing, canning or drying any variety of perishable fruit or vegetable."

The complaint alleged that I.C. § 44–1107 violated Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e et seq.), the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and art. 1, § 1 of the Idaho Constitution by preferring women over men for overtime pay in jobs with comparable requirements. The complaint further alleged that subsequent legislation had repealed I.C. § 44–1107 by implication.[1]

---

1. I.C. § 44–1702. "Discriminatory payment of wages based upon sex prohibited.— (1) No employer shall discriminate between or among employees in the same establishment on the basis of sex, by paying wages to any employee in any occupation in this state at a rate less than the rate at which he pays any employee of the opposite sex for comparable work on jobs which have comparable requirements relating to skill, effort and responsibility. Differentials which are paid pursuant to established seniority systems or merit increase systems, which do not discriminate on the basis of sex, are not within this prohibition.

(2) No person shall cause or attempt to cause an employer to discriminate against any employee in violation of this act.

(3) No employer may discharge or discriminate against any employee by reason of any action taken by such employee to invoke or assist in any manner the enforcement of this act."

I.C. § 67–5909. "Acts prohibited.—It shall be a prohibited act to discriminate against a person because of, or on a basis of, race, color, religion, sex or national origin, in any of the following:

(1) For an employer to fail or refuse to hire, to discharge, or to otherwise discriminate against an individual with respect to compensation or the terms, conditions or privileges of employment;

(2) For an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against an individual or to classify or refer an individual for employment * * *."

I.C. § 18–7303. "Denial of right to work or accommodations a misdemeanor.—Every person shall be guilty of a misdemeanor who denies to any other person because of race, creed, color, sex, or national origin the right to work: (a) by refusing to hire, (b) by discharging, (c) by barring from employment, or (d) by discriminating against such person in compensation or in other terms or conditions of employment; or who denies to any other person because of race, creed, color, sex, or national origin, the full enjoyment of any of the accommodations, advantages, facilities or privileges of any place of public resort, accommodation, assemblage or amusement, provided, however, that denial of the right to work

Glenn Selander, President, and Judith Grimes, Secretary-Director, of the Human Rights Commission, were named as defendants, since the Human Rights Commission has authority to enjoin discriminatory employment practices banned by I.C. § 67–5909. Bartlett Brown as Commissioner of Labor in the Idaho Department of Labor was named as a defendant, because he has responsibility for enforcing I.C. § 44–1702 which forbids wage discrimination on the basis of sex in jobs which have comparable requirements by also seeking injunctive relief.

The parties stipulated that the defendants in this case have adopted a policy of enforcing I.C. §§ 44–1702 and 67–5909 which subject the plaintiffs and intervenor to the possible imposition of sanctions and penalties for their strict adherence to the literal provisions of I.C. § 44–1107, which specifically creates wage differentials in favor of women over men in certain specified industries. In fact, the defendants have received complaints charging Kit Manufacturing Company with sex discrimination as a result of the company's compliance with I.C. § 44–1107. In their answer the defendants alleged that they have interpreted I.C. § 44–1107 in a manner to reconcile it with I.C. §§ 67–5909, 44–1702, and 18–7303, to require equal payment of overtime wages to *both* men and women.

Circle K Corporation, a Texas corporation authorized to do business in Idaho, moved to intervene under I.R.C.P. 24(a)(2) and 24(b)(2) and sought a declaratory judgment on grounds identical to those alleged by the plaintiffs. The plaintiffs and the Attorney General of the State of Idaho for the defendants stipulated to Circle K Corporation's intervention, and the district court entered an order accordingly. The plaintiffs, defendants, and the intervenor then stipulated to the facts and issues of law presented to the court. Then the plaintiffs and intervenor moved for summary judgment under I.R.C.P. 56(a) and (c), and the defendants filed a cross-motion for summary judgment under I.R.C.P. 56(b) and (c). The parties stipulated that the case should be submitted to the district court on briefs without further oral argument. In a memorandum decision the district court concluded that I.C. § 44–1107 violated the Equal Protection Clause of the Fourteenth Amendment and entered findings of fact and conclusions of law which also held that I.C. § 44–1107 had been repealed by implication and that it violated title VII of the Civil Rights Act of 1964 and art. 1, sec. 1, of the Idaho Constitution. The defendants then appealed from the judgment and all questions of law and fact. Kit Manufacturing Company and the Idaho Trailer Coach Association withdrew in the appeal and did not participate.

On appeal the appellants argue that neither has I.C. § 44–1107 been repealed by implication nor does it violate title VII of the Civil Rights Act of 1964, the Equal Protection Clause of the Fourteenth Amendment, or art. 1, sec. 1 of the Idaho Constitution. Appellants urge this court that I.C. § 44–1107 may be harmonized with the subsequent legislation prohibiting sex discrimination in employment practices by awarding male employees the same overtime wage rate as prescribed for women. We will first consider whether I.C. § 44–1107 (last amended, S.L.1963, Ch. 281, p. 724) has been repealed by implication through the enactment of subsequent legislation.

There are three statutes which bear upon the issue of the repeal of I.C. § 44–1107 by implication. First, I.C. § 18–7303 (enacted S.L.1972, Ch. 336, § 1, p. 844) makes it a misdemeanor for a person to deny

"to any other person because of race, creed, color, *sex,* or national origin the right to work: (a) by refusing to hire, (b) by discharging, (c) by barring from employment, or (d) by *discriminating*

on the basis of sex shall be permissible in situations where sex is a bona fide occupational qualification reasonably necessary to the normal operation of the business."

*against such person in compensation* or in other terms or conditions of employment \* \* \* provided, however, that denial of the right to work on the basis of sex shall be permissible in situations where sex is a bona fide occupational qualification reasonably necessary to the normal operation of the business." (Emphasis supplied.)

Second, I.C. § 67–5909 (enacted S.L.1969, Ch. 459, § 9, p. 1277) provides in part:

"It shall be a prohibited act to *discriminate against a person because of*, or on a basis of, race, color, religion, *sex* or national origin, in any of the following:

(1) For an employer to fail or refuse to hire, to discharge, or to *otherwise discriminate against an individual with respect to compensation* or the terms, conditions or privileges of employment." (Emphasis supplied.)

The Human Rights Commission has the authority to seek to enjoin violations of I.C. § 67–5909, and an aggrieved individual may bring a damage action for violation of this statute. I.C. § 67–5911. A violation of I.C. § 67–5909 is also classified as a misdemeanor. Third, I.C. § 44–1702 (enacted S.L.1969, Ch. 252, § 2, p. 783) provides in part:

"No employer shall discriminate between or among employees in the same establishment on the basis of sex, by paying wages to any employee in any occupation in this state at a rate less than the rate at which he pays any employee of the opposite sex for comparable work on jobs which have comparable requirements relating to skill, effort and responsibility."

The Commissioner of Labor is authorized to eliminate discriminatory pay practices "by informal methods of conference, conciliation and persuasion" including the issuance of regulations. I.C. § 44–1703. The Commissioner may also seek to "restrain" violations and seek "such affirmative relief as the court may deem appropri-ate, including restoration of unpaid wages and reinstatement of employees, consistent with the purposes of this Act." I.C. § 44–1704. Persons aggrieved by violations of I.C. § 44–1703 may sue for their wages and an equal additional amount for "liquidated damages" plus attorney's fees. I.C. § 44–1704(1), (2).

The legislature by enacting I.C. §§ 18–7303, 67–5909, and 44–1703 expressed a clear, unambiguous intent to prohibit discrimination in employment practices on the basis of sex. To effect this policy the legislature provided state agencies with authority to seek to enjoin discriminatory practices and aggrieved individuals with the right to seek reinstatement, restoration of wages, and even damages. Moreover, the legislature designated such discriminatory practices a misdemeanor.

From this legislative policy of equal employment opportunity for both sexes, the defendants argue that the preceding sections may be reasonably reconciled with I.C. § 44–1107 by extending its overtime wage provisions to men as well as women. The defendants assert that, although the original enactment of I.C. § 44–1107 had as its purpose the "protection" of women from arduous working conditions, its amendment in 1963 in its present form shows a legislative intent to create a minimum wage scale. Although defendants' interpretation of I.C. § 44–1107's legislative history may be correct, the fact remains that minimum wage scales are exclusively in the nature of legislative judgments. The legislature in three statutes sought to eliminate discrimination in employment practices with provisions and remedies specifically directed to that end. If the legislature had intended that men should be paid overtime wages at the same rate as women under I.C. § 44–1107, they could easily have so provided. After all, the legislature clearly articulated a policy of equal employment. While men and women should be afforded fair and equal treatment in employment practices, it does

not necessarily follow that this court should determine the wage rate. Such a function is peculiarly within the legislative sphere. In this regard, I.C. § 44–1107 stands irreconcilable with the policy and operation of I.C. §§ 18–7303, 67–5909 and 44–1703. Jordan v. Pearce, 91 Idaho 687, 690, 429 P.2d 419 (1967). See, 1A Sutherland Statutory Construction, § 23.09 (Sands, 4th ed.). Therefore, we conclude that the enactment of I.C. §§ 18–7303, 67–5909, and 44–1703 repealed I.C. § 44–1107 by implication. Having decided this appeal on the grounds of repeal by implication there is no necessity to examine the other grounds upon which the trial court found I.C. § 44–1107 unenforceable.

The judgment for the plaintiffs and intervenor is affirmed. Costs to respondent.

SHEPARD, C. J., and DONALDSON, McQUADE and BAKES, JJ., concur.