908 P.2d 1228

**Linda Boe FOSTER, Plaintiff–Appellant–
Cross Respondent,**

v.

**SHORE CLUB LODGE, INC., an Idaho
corporation, Douglas Manchester and
John Edwards, Defendants–Respondents–Cross Appellants.**

No. 21148.

Supreme Court of Idaho,
Boise, February 1995 Term.

Dec. 19, 1995.

Rehearing Denied Dec. 19, 1995.

William H. Ball, Boise, for appellant.

Eberle, Berlin, Kading, Turnbow, & McKlveen, Chtd., Boise, for respondents.

Stephen A. Bradbury, argued.

SUBSTITUTE OPINION THE COURT'S PRIOR OPINION DATED OCTOBER 24, 1995 IS HEREBY WITHDRAWN.

SILAK, Justice.

This is an employment discrimination case, and is an appeal from the district court's order of partial summary judgment, in which the district court dismissed all claims against one defendant. Among the issues we consider are: whether the plaintiff should have been allowed to amend her complaint to allege a claim for unlawful failure to rehire; whether a corporate executive can be individually liable for damages for retaliatory termination under federal and state laws; and whether the trial court erred in awarding attorney fees to the exonerated defendant.

## I.

### FACTS AND PROCEDURE

In 1988, plaintiff Linda Boe Foster ("Foster") began working for the Shore Lodge, a hotel in McCall, Idaho. The hotel's general manager was John Edwards. In February 1989, Foster told the Idaho Human Rights Commission ("IHRC") that she was sexually harassed by Edwards, but filed no formal charges. Later in 1989, two of Foster's co-workers received raises. Foster asked for a similar raise but was turned down.

The Shore Lodge changed ownership in March 1990 following a stock tender offer initiated months beforehand. The new owner was Torrey Enterprises, Inc. Douglas Manchester was an officer and director of Torrey Enterprises, and became an officer and director of Shore Lodge. In February 1990, Foster filed a charge of discrimination with the IHRC and the Equal Employment Opportunity Commission ("EEOC") against

Shore Lodge, Torrey Enterprises and Edwards alleging sexual harassment, racial discrimination, and retaliation by denying pay raises for Foster's informal contact with the IHRC. Thereafter, Shore Lodge and Torrey Enterprises offered Foster $20,000 to settle her discrimination claims, but Foster refused. Foster's complaint alleged that in December 1990, Manchester spoke with Foster at a grocery store and pressured her into accepting the settlement offer, stating that he could not have employees doing that sort of thing.

After Shore Lodge changed hands, the new owner decided to close the hotel for renovation. In group meetings with employees of Shore Lodge, the employees, including Foster, were told they could draw unemployment compensation during the renovation, and were told generally that they could come back to work after the renovation. During the renovation, most of the employees, including Foster, were laid off.

In preparation for the re-opening, the new manager invited Foster and others to fill out employment applications and to interview for a job. Foster filed an application and interviewed, but later learned the position for which she had applied was given to another former employee. Foster wrote a letter of complaint, and in response, received a letter in December 1990 stating, "You will no longer be considered for employment opportunities at the Shore Lodge."

Foster then filed additional charges with the IHRC and EEOC, alleging that she had been terminated in retaliation for filing charges of discrimination. In May 1992, Foster filed her complaint in this case against Shore Lodge, Torrey Enterprises, Edwards, and Manchester, alleging among other things unlawful sexual and racial discrimination in her employment. Defendants filed a motion for partial summary judgment. The district court granted the motion in part, dismissing Foster's claims against Manchester individually in a memorandum, order and partial judgment entered December 27, 1993. This order contained no Rule 54(b) certificate

allowing appeal. In the same order, the district court denied a motion by Foster to amend her complaint to add a claim for unlawful failure to rehire.

On January 27, 1994, the district court entered a partial judgment, the effect of which was that there were no longer any claims against Manchester and Torrey Enterprises. The partial judgment included a Rule 54(b) Certificate allowing appeal "with respect to claims against Douglas Manchester and Torrey Enterprises, Inc." Manchester and Torrey Enterprises thereafter filed requests for costs and attorney fees. The district court entered a supplemental judgment in May 1994 which awarded attorney fees to Manchester of $10,500.

Foster appealed from the portions of the December 1993 and January 1994 partial judgments favorable to Manchester. Foster also appealed the attorney fee award to Manchester. Shore Lodge and Edwards, mischaracterized as respondents in this matter, attempted to cross-appeal the December 1993 partial judgment which denied their motion for summary judgment on Foster's claims for breach of contract and sexual harassment.

## II.

## REFUSAL TO ALLOW AMENDMENT OF FAILURE TO REHIRE CLAIM

■ In Count III of her Complaint, Foster alleged a breach of her employment contract by wrongful termination. In their motion for partial summary judgment, the defendants argued that Foster had been properly laid off, and therefore, no claim of wrongful termination could lie. In response, Foster filed a motion to amend her complaint with allegations that if Foster was not employed during the renovation, and therefore, could not claim wrongful termination, Shore Lodge and the individual defendants would be liable for wrongful failure to re-hire pursuant to 42 U.S.C. § 1981.

The district court concluded that factual issues exist as to whether Foster was termi-

nated at the time the hotel closed for renovation or whether she continued to have an employment relationship until her December 1990 notification letter, which stated that she would no longer be considered for employment. As a result, the district court refused to grant summary judgment against Foster on the breach of contract claim. In reference to Foster's motion to amend, the district court declared:

> Foster filed a motion to amend her complaint in the event that the court granted summary judgment dismissing her breach of contract claim against Shore Lodge. Since the court did not grant summary judgment on that issue, the motion to amend is denied.

On appeal, Foster claims the district court erred by not allowing amendment. Foster claims she should have been allowed to allege the alternative theory of wrongful failure to re-hire in case the jury concludes she was not employed during the renovation and thus, not wrongfully discharged.

■ The grant or denial of leave to amend a complaint after a responsive pleading has been filed is within the discretion of the trial court, and is subject to reversal on appeal only for an abuse of discretion. *E.g., Black Canyon Racquetball v. Idaho First Nat'l. Bank,* 119 Idaho 171, 175, 804 P.2d 900, 904 (1991). We find no abuse of discretion here. The motion is unclear because it fails to indicate who are the defendants to the amended complaint, and no amended complaint accompanied the motion. To the extent the amendment is to be against Shore Lodge, we have no jurisdiction, because the district court's Rule 54(b) certificate allowing appeal pertains only to claims asserted against Manchester individually and Torrey Enterprises, Inc. Foster's claims against Shore Lodge remain pending below. The denial of the motion to amend against Shore Lodge is nonfinal and "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." I.R.C.P. 54(b).

To the extent Foster seeks to amend her claims against Manchester individually, we again perceive no abuse of discretion in the denial of the motion to amend. The district court denied the motion because there is a factual dispute concerning Foster's employment status during the renovation. Finding no abuse of discretion, the denial of the motion to amend is affirmed.

### III.

### INDIVIDUAL LIABILITY OF A CORPORATE OFFICER UNDER 42 U.S.C. § 2000e

■ Foster maintains that Manchester is individually liable for damages under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) for terminating Foster for filing an EEOC complaint against Shore Lodge. Under 42 U.S.C. § 2000e–2(a):

> "It shall be an unlawful employment practice for an *employer*—
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

(emphasis added). The district court held that under the existing state of the law, defendant Manchester could not be individually liable for damages under 42 U.S.C. § 2000e.

This issue presents a question of law. Research reveals a split of authorities. The cases of *Miller v. Maxwell's International, Inc.,* 991 F.2d 583 (9th Cir.1993), and *Padway v. Palches,* 665 F.2d 965 (9th Cir.1982), appear to control in the Ninth Circuit. In *Miller,* a former employee filed a sex and age

discrimination complaint against six executives and employees of the corporate employer. The defendants argued they had no personal liability, and that the plaintiff received all the relief to which she was entitled when she settled her claims with the corporate employer. The Ninth Circuit agreed. Through statutory interpretation and analysis, the Ninth Circuit held that individual agents of an employer who allegedly committed discrimination cannot be held individually liable under Title VII. *Miller,* 991 F.2d at 587–88. The *Miller* court reasoned:

> The statutory scheme itself indicates that Congress did not intend to impose individual liability on employees. Title VII limits liability to employers with fifteen or more employees, 42 U.S.C. § 2000e(b) ... in part because Congress did not want to burden small entities with the costs associated with litigating discrimination claims. If Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees.

991 F.2d at 587. *Miller* is the clear law in the Ninth Circuit. The Fifth and Eleventh Circuits have also held that the statutory scheme of Title VII does not allow personal liability for employees. *See Grant v. Lone Star Co.,* 21 F.3d 649, 653 (5th Cir.1994); *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991).

However, other federal courts have departed from *Miller. Douglas v. Coca–Cola Bottling Co.,* 855 F.Supp. 518, 520 (D.N.H.1994) (criticizing *Miller* ); *Griffith v. Keystone Steel & Wire Co.,* 858 F.Supp. 802, 805 (C.D.Ill.1994) (declining to follow *Miller* ); *Doe v. William Shapiro, Esquire, P.C.,* 852 F.Supp. 1246, 1252 (E.D.Pa.1994) (same); *cf. Sauers v. Salt Lake County,* 1 F.3d 1122 (10th Cir.1993) (allowing suit against County attorney only in his official capacity).

■ We believe *Miller* and the other courts which disallow individual liability for agents and employees of an employer under Title VII have expressed the interpretation most adherent to congressional intent. As used in the statute, the word "employer," means the entity, and does not include officers or agents. We hold that individual officers, employees, and agents of an employer are not subject to personal liability under 42 U.S.C. § 2000e. The district court's dismissal of Foster's claims against Manchester under 42 U.S.C. § 2000e is affirmed.

## IV.

### INDIVIDUAL LIABILITY OF A CORPORATE OFFICER UNDER I.C. § 67–5911

■ Foster contends Manchester is liable under the Idaho Human Rights Act, particularly I.C. § 67–5911, which prohibits reprisals or retaliation for opposing discriminatory practices. Section 67–5911 provides as follows:

> **67–5911. Reprisals for opposing unlawful practices.**—It shall be unlawful for an employer, employment agency, or labor organization to discriminate against any individual because he or she has opposed any practice made unlawful by this act or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or litigation under this act.

The issue here is the same as that discussed in part III above: whether the word "employer" should be construed to allow individual liability against agents or employees who allegedly committed the wrongful acts.

■ The first section of the Idaho Human Rights Act declares that its purpose is to "provide for the execution within the state of the policies embodied in the federal Civil Rights Act of 1964...." I.C. § 67–5901(1). The legislative intent reflected in I.C. § 67–5901 allows our state courts to look to federal law for guidance in the interpretation of the state provisions. *O'Dell v. Basabe,* 119 Idaho 796, 811, 810 P.2d 1082, 1097 (1991). In part III above, we construed 42 U.S.C. § 2000e–2(a) consistently with *Miller v. Maxwell's*

*International, Inc.*, 991 F.2d 583 (9th Cir. 1993), and the other courts which disprove individual liability for agents and employees of an employer. We see no reason to allow a different result under the Idaho Human Rights Act. The language of I.C. § 67–5911 does not contemplate individual liability for an employer's agents or employees, in addition to the employer. The district court's judgment in favor of Manchester on Foster's retaliation claim under I.C. § 67–5911 is affirmed.

## V.

### LIABILITY UNDER I.C. § 18–7301

■ In its January 1994 partial summary judgment, the district court ruled in favor of all defendants on Foster's claims under I.C. § 18–7301, which provides as follows:

**18–7301. Freedom from discrimination constitutes a civil right.**—The right to be free from discrimination because of race, creed, color, sex, or national origin is recognized as and declared to be a civil right. This right shall include, but not be limited to:

(1) The right to obtain and hold employment without discrimination.

(2) The right to the full enjoyment of any of the accommodations, facilities or privileges of any place of public resort, accommodation, assemblage or amusement.

I.C. § 18–7301 is part of the penal code, and I.C. § 18–7303 provides that "[e]very person shall be guilty of a misdemeanor who denies to any other person because of race, creed, color, sex, or national origin the right to work. . . ." The district court dismissed this claim based on its ruling that I.C. § 18–7301 does not create a private right of action.

Respondents contend this ruling was correct. They argue that the legislature did not intend to create a private cause of action under I.C. § 18–7301, because the legislature specifically provided a cause of action under Chapter 59, Title 67, Idaho Code, along with

the procedures, limitations, and remedies. There is no *implied* right of action under I.C. § 18–7301, because there is an *express* right under I.C. § 67–5901 et seq., Respondents contend.

■ In *Idaho Trailer Coach Association v. Brown*, 95 Idaho 910, 523 P.2d 42 (1974), we considered both the penal code section I.C. § 18–7303, and the Idaho Human Rights Act, I.C. § 67–5901 et seq. We recognized that the private right of action lies under the Idaho Human Rights Act, and did not recognize an additional private cause of action under the penal code I.C. § 18–7303, which merely classifies discriminatory acts as misdemeanors. *Idaho Trailer*, 95 Idaho at 913, 523 P.2d at 45. Moreover, both I.C. § 67–5901 and I.C. § 18–7301 seem aimed at protecting against the same kinds of discrimination in the same types of situations (discrimination because of race, color, creed/religion, sex, national origin, in connection with employment, public accommodations, education, etc.). It is difficult to imagine some situation that might be covered under I.C. § 18–7301 and not I.C. § 67–5901. Hence, it appears unnecessary to imply a private cause of action in I.C. § 18–7301, in addition to what is already provided under § 67–5901, *et seq.* When a statute is silent regarding private enforcement, courts may recognize a private right only when it is necessary to assure effectiveness of the statute. *White v. Unigard Mut. Ins. Co.*, 112 Idaho 94, 101, 730 P.2d 1014, 1021 (1986) (holding that statutory remedy under I.C. § 41–1329 is neither prescribed nor necessary because of availability of tort remedy).

Foster quotes language in *Reed v. Reed*, 93 Idaho 511, 465 P.2d 635 (1970), to the effect that I.C. § 18–7301, *et seq.* "provides a remedy for, among other things, sexual discrimination in employment or public accommodations." However, the foregoing language was clearly dicta, as this Court held in *Reed* that those sections were inapplicable in that probate case. We hold that I.C. § 18–7301 provides no private cause of action in addition to the private cause of action specifically

allowed in I.C. § 67–5908 of the Idaho Human Rights Act, I.C. § 67–5901, *et seq.*

Thus, we affirm the district court's dismissal of Foster's I.C. § 18–7301 claims against Manchester.

## VI.

## DISTRICT COURT'S AWARD OF ATTORNEY FEES

█ In its supplemental judgment for costs entered in May 1994 (which includes a Rule 54(b) certificate), the district court ruled that Foster's claims against Manchester were brought and pursued without foundation and unreasonably, and awarded $10,500 in attorney fees. The district court declined to award any attorney fees in favor of Torrey Enterprises, Inc. Foster contests the award in favor of Manchester, arguing that her claims against Manchester had merit.

█ The district court awarded fees based on I.R.C.P. 54(e)(1) and I.C. § 12–121. Under those provisions, a court may award reasonable attorney fees only when the court finds the case was "brought, pursued or defended frivolously, unreasonably or without foundation; ..." I.R.C.P. 54(e)(1). The determination to award or not award attorney fees is committed to the discretion of the trial court. *Soria v. Sierra Pacific Airlines, Inc.,* 111 Idaho 594, 615, 726 P.2d 706, 727 (1986). The burden is on the person disputing the award to show an abuse of discretion. *Anderson v. Ethington,* 103 Idaho 658, 660, 651 P.2d 923, 925 (1982).

In its supplemental judgment, the district court ruled that Foster named Manchester as a defendant without any foundation in fact:

> The court's review of the entire proceedings leads to the conclusion that Manchester, who undeniably is financially well off, was named as a party to the lawsuit and accused of wrongful termination, breach of contract, racial discrimination and sexual

harassment, not because Foster had information suggesting that she had legally viable claims against him, but in the hope that something brought out in discovery would develop such a claim. *This is a clear case of bringing a lawsuit without any foundation in fact....*

> The court concludes that Foster's claims against Manchester were brought and thereafter pursued without foundation and unreasonably.

(emphasis added). The district court's conclusion of lack of factual foundation is supported by the following language from the December 1993 partial summary judgment:

> The evidence is undisputed that Manchester did not commit any wrongful act of sexual or racial harassment. Likewise, any act of retaliation by refusing to promote Foster or to raise her pay occurred before he became an officer and director of Shore Lodge on March 2, 1990. Foster has agreed that all claims against Manchester individually for sexual or racial harassment or for retaliation by refusing to promote or to grant a pay raise may be dismissed.

> \*     \*     \*     \*     \*     \*

> Foster has conceded that she is not entitled to recover damages under 42 USC § 2000e against Edwards and Manchester individually under the existing state of the law....

Although the question of individual liability of employees under Title VII may have been closer than Foster's counsel conceded to the district court, the court undoubtedly considered the foregoing concessions in determining the reasonableness of Foster's case against Manchester. Moreover, we note that Manchester prevailed on a motion for summary judgment, which we have affirmed. We also recognize the district court's superior position to detect whether a litigant is pursuing claims against a defendant unreasonably. In fixing the amount of the fee award, the district court addressed the factors outlined in I.R.C.P. 54(e)(3) and awarded

$10,500, whereas Respondents had sought approximately $25,000 in attorney fees on behalf of Manchester and Torrey Enterprises. On this record, Foster has not persuaded us that the district court abused its discretion. The award of attorney fees in favor of Manchester is affirmed.

## VII.

### CROSS–APPEAL

 In its December 1993 order of partial summary judgment, the district court ruled that reasonable minds could differ as to whether Shore Lodge terminated its employees before the renovation, or placed them on an unpaid furlough or lay-off. Accordingly, the district court declined to enter summary judgment on the breach of contract claim as to Shore Lodge. The district court also declined to grant summary judgment in favor of Defendants on Foster's sexual harassment claims. On cross-appeal, Respondents, Shore Lodge and John Edwards argue Foster was legitimately terminated from employment before the renovation, and therefore, her claim for wrongful discharge must be dismissed. They also contend on cross-appeal that the allegations of sexual harassment are insufficient to state a claim.

As to Shore Lodge and John Edwards' attempt to cross-appeal, I.A.R. 11(f) provides that "[a]fter an appeal has been filed from a judgment or order specified above in this rule, a timely cross-appeal may be filed from any interlocutory or final judgment order or decree." We interpret this rule to mean that a party filing a cross-appeal must be a respondent in the appeal. A respondent is an "adverse party not initially seeking affirmative relief." I.A.R. 2(b)(3). In this case, Foster appeals only the final order dismissing Douglas Manchester and Torrey Enterprises. There is no final, appealable order adverse to Shore Lodge or John Edwards from which Foster appeals. As such, Shore Lodge and John Edwards are not respondents in this matter and cannot bring a cross-appeal. Accordingly, their cross-appeal is dismissed.

Further, since we uphold the district court's dismissal of all Foster's claims against Douglas Manchester, our decision accords him full relief. His cross-appeal is thus dismissed.

## VIII.

### CONCLUSION

The district court's January 27, 1994 partial summary judgment, and May 27, 1994 supplemental judgment are affirmed. Shore Lodge and John Edwards are not properly respondents in this matter. Accordingly, we dismiss their cross-appeal. The cross-appeal by Douglas Manchester is dismissed.

Costs and attorney fees on appeal are awarded to Manchester. No costs or attorney fees on the cross-appeal.

McDEVITT, C.J., JOHNSON and TROUT, JJ., and TRANSTRUM, J. Pro Tem., concur.