Dante WARD, Plaintiff,

v.

SORRENTO LACTALIS, INC.,
a Delaware corporation,
Defendant.

No. CV–04–006–S–BLW.

United States District Court,
D. Idaho.

Feb. 7, 2005.

Julie Klein Fischer, John R. Kormanik, White Peterson, Nampa, ID, for Plaintiff.

Candy W. Dale, Hall Farley Oberrecht & Blanton, Boise, ID, for Defendant.

## MEMORANDUM DECISION AND ORDER

THOMAS G. NELSON, Circuit Judge, Sitting by Designation.

### MEMORANDUM DECISION

Currently pending before the Court is Defendant's motion for summary judgment on all of Plaintiff's claims (Docket No. 15), which Plaintiff opposes. In addition, Defendant filed objections to certain pieces of Plaintiff's evidence (Docket No. 30, Part 2). The Court heard oral argument on the motion and objections on January 20, 2005. During the hearing, the Court granted Plaintiff's Motion for leave to file an amended affidavit (Docket No. 32) and will consider the amended affidavit in this memorandum decision. Also during the hearing, Plaintiff moved to strike the report of one of Defendant's experts, Dr. Weiss, which is attached as Exhibit C to Docket No. 18. If the Plaintiff wishes to pursue the motion, the Court requests that Plaintiff file a written motion and explain his objections to Dr. Weiss's report. Defendant will then have the opportunity to reply, and the Court will have the opportunity to examine both sides' arguments. The Court therefore DENIES the oral motion without prejudice to its written renewal.

For the following reasons, the court shall grant in part and deny in part the motion for summary judgment (Docket No. 15), shall deny Defendant's objections to Plaintiff's evidence (Docket No. 30, Part 2), and shall deny Plaintiff's oral motion to strike without prejudice to its written renewal.

## I. Standards

The standards for summary judgment are well known. Pursuant to Federal Rule of Civil Procedure 56, the Court shall grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The Court must "view the evidence in the light most favorable to the [non-moving party]," and draw "all reasonable inferences in his favor." *See Hernandez v. Hughes Missile Sys. Co.*, 362 F.3d 564, 568 (9th Cir.2004).

## II. Defendant's Motion for Summary Judgment

Defendant moves for summary judgment on Plaintiff's discrimination claims, on each of Plaintiff's common law claims, and on Plaintiff's claim for economic damages. The Court will address each set of claims below.

### A. Discrimination Claims

██ Defendant argues that Plaintiff cannot establish a genuine issue regarding whether he is a qualified person with a disability under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), or the Idaho Human Rights Act, Idaho Code § 67–5901 (IHRA).[1] Alternatively, even if Plaintiff could establish that a genuine issue of material fact exists regarding his status as a qualified person with a disability, Defendant argues that he cannot establish that a genuine issue of material fact exists regarding whether Defendant terminated him on account of his status.

### 1. Qualified person with a disability

Plaintiff argues that he meets the definition of a qualified person with a disability on two alternative grounds. First, he argues that he is actually disabled. *See* 42 U.S.C. § 12102(2)(A) (defining a qualified person with a disability as someone with "a physical or mental impairment that substantially limits one or more of the major life activities of such an individual"). Second, he argues that, although he was not actually disabled, Defendant regarded him as disabled. *See id.* § 12102(2)(C) (defining a qualified person with a disability as someone who is "regarded as having such an impairment"). Defendant argues that he cannot establish the existence of a genuine issue of material fact on either ground. The Court concludes that genuine issues of material fact exist as to two claims of actual disability, and as to one claim of perceived disability.

### a. Actual disability

██ To establish actual disability, a person must show that some physical or mental problem substantially limits his or her ability to perform a major life activity. *See id.* § 12102(2)(A). Defendant argues that Plaintiff cannot establish that a genuine issue of material fact exists regarding whether he suffers substantial limitations on the major life activities of lifting, performing manual tasks, or working. *See* Def.s Mem. in Supp. of Sum. J., Docket No. 16 at 5–6. The Court concludes that Defendant is correct as to working. However, a genuine issue of material fact does exist regarding Plaintiff's limitations on lifting and performing manual tasks.

### (1) Lifting

██ Defendant concedes that lifting is a major life activity, but cites precedent

---

1. Courts interpret the standards for disability under the ADA and the IHRA identically. *See Foster v. Shore Club Lodge, Inc.*, 127 Idaho 921, 908 P.2d 1228, 1232–33 (1995). Accordingly, when the Court refers to one statute, its reference impliedly includes the other.

holding that a limitation on lifting of twenty-five pounds does not constitute a substantial limitation on that activity. *Id.* at 5 (citing *Thompson v. Holy Family Hosp.,* 121 F.3d 537, 539—40 (9th Cir.1997)). Viewing the evidence in the light most favorable to the Plaintiff, record evidence supports the contention that Plaintiff cannot lift at all. *See* Ward Dep., p. 23, Docket No. 25, Part 3 at 29. Although this evidence appears to describe Plaintiff's condition somewhat after his termination, it suffices to raise an inference that Plaintiff could not lift at the time of his termination as well. Defendant's argument that Plaintiff could lift at the time of his termination, because Plaintiff could lift small amounts in the year *before* his termination and was fully released to his job after his third surgery, does not change the Court's opinion. Defendant admits that lifting was not part of Plaintiff's job, so the release has little bearing on Plaintiff's ability to lift. And the fact that Plaintiff could lift small amounts in the year before he was terminated does not establish that he could do so when he was terminated. Accordingly, the precedent Defendant cited does not control, and a genuine issue of material fact exists, when the facts are viewed in the light most favorable to the Plaintiff, regarding whether substantial limitations existed on the major life activity of lifting at the time of Plaintiff's termination.

**(2) Performing manual tasks**

■ Defendant also concedes that performing manual tasks is a major life activity, but argues that Plaintiff's restrictions on this activity are not substantial. *See* Def.s Mem. in Supp. of Sum. J., Docket No. 16 at 5. In support of this argument,

Defendant characterizes the record as establishing that Plaintiff is limited to "minimal bending, twisting, or stooping." *Id.* However, Plaintiff's surgeon, Dr. Smith, submitted an affidavit stating that, in addition to other limitations, Plaintiff could not "engage in any physical activity that requires him to stoop, twist or bend his body." Aff. of Dr. Smith, Docket No. 25, Part 7 at 3; as clarified by Second Aff. of Dr. Smith, Docket No. 32 at 6. Dr. Smith's affidavit alone suffices to raise a genuine issue of material fact regarding Plaintiff's ability to lift. In addition to that evidence, however, the record also contains a report by Defendant's own expert, Dr. Weiss, which includes his expert opinion that someone who has had three back surgeries must avoid "torquing maneuvers of the low back (combined bend, twist and lift)" due to "significant risk of reinjury." *See* Statement of Dr. Weiss at 2, Docket No. 18, Exh. C.[2] Accordingly, it is clear that Defendant has not established that no genuine issue of material fact exists as to whether Plaintiff's ability to perform manual tasks is substantially limited.

**(3) Working**

It is unclear whether Plaintiff intended to assert a substantial impairment in the major life activity of working. However, by failing to counter Defendant's arguments on this point, Plaintiff appears to concede that, with medication, he is not substantially limited in his ability to engage in the major life activity of working.[3] The record appears to support Defendant's claim that he is not substantially limited when it comes to working. Plaintiff's vocational expert submitted a report that

---

**2.** Dr. Weiss's report was the subject of Plaintiff's oral motion to strike, which the Court denied without prejudice to its written renewal. The Court's decision on summary judgment does not depend upon this report.

**3.** The Court notes that his condition as mitigated by medication is the relevant condition. *See Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 482, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

indicates there are many jobs Plaintiff could do despite his back problems, though there are few with salaries equivalent to his previous salary in this area. *See* Report, Intermountain Vocational Services, Inc. at 368—70 (Docket No. 18, Attach. B). Accordingly, it does not appear that Plaintiff could establish a substantial limitation in the major life activity of working even if he attempted to do so. *See Sutton,* 527 U.S. at 492, 119 S.Ct. 2139.

Thus, the Court will grant in part Defendant's motion for summary judgment regarding Plaintiff's claim that his ability to work was substantially impaired. However, the Court concludes that a genuine issue of material fact exists regarding Plaintiff's claims based on lifting and performing manual tasks. Thus, a genuine issue of material fact exists regarding whether Plaintiff suffers from an actual disability.

### b. Perceived disability

■ To defeat summary judgment on Plaintiff's perceived disability claim, Plaintiff must show more than that Defendant was aware of his limitations. He must advance some "specific evidence," *Thornton v. McClatchy Newspapers, Inc.,* 261 F.3d 789, 798 (9th Cir.2001), that Defendant regarded his limitations as "substantially limiting and significant." *Thompson,* 121 F.3d at 541 (internal quotation marks and citation omitted). In the area of working, for example, Plaintiff must introduce something to show that Defendant viewed him "as precluded from performing a broad class of jobs," not merely his current job. *Thompson,* 121 F.3d at 541.

■ It seems fair to infer from Plaintiff's briefing that he believes Defendant discriminated against him based on the perception that he was substantially limited in his ability to work and in his ability to remain awake and alert.[4] The Court concludes that Plaintiff has not introduced enough evidence to withstand summary judgment as to perceived disability regarding working, but that he has regarding remaining awake and alert.

In support of his arguments for perceived disability, Plaintiff points to evidence that Defendant was aware of his back problems and that he took medication for them. *See* Pl.s Mem. in Opp. to Def.s Sum. J. Mot., Docket No. 25, Part 1 at 8—9; Part 2 at 2—6. He cites deposition testimony in which he described numerous discussions with a supervisor, Kelly Johnston, about the problems Johnston thought the medication was causing. *See* Ward Dep., Docket No. 25, Part 3 at 53—58. Plaintiff testified that Johnston spoke with him every morning the week before his surgery, telling him he could be fired for the drowsiness the medication was causing and that other managers were concerned. *Id.* In addition, Johnston took notes regarding a conversation he had with Plaintiff on an earlier date with regard to Plaintiff's demeanor while taking the medication. In those notes, he said he would ask another employee to investigate the effects of the medication. *See* Fischer Aff., Exh. A, Docket No. 25, Part 3 at 24—25. Finally, Plaintiff notes that he was fired after Defendant asked him if he was still on medication.

The evidence Plaintiff cites suffices to raise a genuine issue of material fact regarding whether Defendant perceived Plaintiff as substantially impaired in his ability to remain awake and alert. It does not suffice, however, to raise a genuine issue regarding whether Defendant per-

---

**4.** Being able to concentrate has been identified as a major life activity. *See, e.g., Humphrey v. Mem. Hospitals Assoc.,* 239 F.3d 1128, 1134 n. 9 (9th Cir.2001). Being able to remain awake and alert seems sufficiently related, and sufficiently important, to receive a similar designation.

ceived Plaintiff as substantially impaired in his ability to work. Plaintiff has advanced no specific evidence that Defendant viewed the problems as severe enough to preclude Plaintiff from engaging in many jobs, not just his job. Accordingly, summary judgment on the issue of perceived disability with regard to the major life activity of working is appropriate. *See Thompson,* 121 F.3d at 541; *Thornton,* 261 F.3d at 798. Summary judgment regarding perceived disability with regard to staying awake and alert, however, is not appropriate. Thus, the Court will grant in part and deny in part Defendant's motion for summary judgment with respect to perceived disability.

### 2. Fired on account of disability

The evidence does not suffice to raise a genuine issue of material fact regarding whether Defendant fired Plaintiff based on his alleged *actual* disability. No evidence links Plaintiff's termination to his alleged inability to lift or perform manual tasks. Accordingly, Plaintiff cannot show that a genuine issue of material fact exists regarding whether he was terminated because of his alleged actual disability.

■ The circumstances surrounding Plaintiff's termination do suffice to raise a genuine issue of material fact regarding whether Defendant fired Plaintiff because of his alleged *perceived* disability. It is undisputed that Defendant terminated Plaintiff on the day he returned from a leave of absence necessitated by a third back surgery, after asking him whether he was still on medication, and after Plaintiff informed Defendant that he was. When viewed in the light most favorable to the Plaintiff, the temporal proximity between Defendant's question and Plaintiff's termination, coupled with the evidence regarding Defendant's concern regarding Plaintiff's abilities while on the medication, creates an inference that De-

fendant fired Plaintiff because he was still on medication and Defendant perceived him to be disabled while he was on medication.

Moreover, a genuine issue exists regarding whether the reasons Defendant gave for Plaintiff's termination were pretextual. Plaintiff points to evidence suggesting that Plaintiff was not working at one of the times the alleged problems occurred, and that Plaintiff was never warned or disciplined regarding the alleged problems, though he did know that they had occurred. *See* Pl.s Mem. in Opp. to Def.s Sum. J. Mot., Docket No. 25, Part 2 at 9–10. Based on the above evidence alone, summary judgment is not justified on this issue.

Contested evidence also supports Plaintiff's position. Plaintiff contends that Defendant has not fired others despite similar problems, relying on the deposition testimony of three witnesses: de la Paz, Cronquist, and McCollough. *Id.* Defendant argues that the testimony of Cronquist and McCollough, that, to their knowledge, others have not been fired despite problems similar to Plaintiff's alleged performance problems, should be excluded. *See* Def.s Obj. to Pl.s Ev., Docket No. 30, Part 2 at 5. In support of its argument, Defendant points to the two witnesses' admissions that they did not know all the details of the alleged problems with Plaintiff's performance. *Id.* These admissions by Cronquist and McCollough may undermine their testimony regarding whether others have been fired for similar problems. However, the admissions do not justify excluding that testimony; rather, they are useful in evaluating the weight that should be afforded that testimony. Accordingly, the testimony will not be excluded on summary judgment and Defendant's objection regarding their testimony is denied.

Accordingly, the Court shall deny Defendant's motion for summary judgment

based on the argument that no genuine issue of material fact exists regarding whether Defendant fired Plaintiff on account of his perceived disability, but will grant Defendant's motion based on the claim that Defendant fired Plaintiff on account of his actual disability.

### B. Common law causes of action

In its briefing, Defendant appears to have premised its arguments regarding Plaintiff's common law causes of action on the success of its motion for summary judgment as to Plaintiff's disability claims. *See* Def.s Mem. in Supp. of Mot. for Sum. J., Docket No. 16 at 13 ("Thus, because these claims are based on Ward's false allegations regarding his claimed 'disability,' Ward's common law claims fail" and "[t]hus, because plaintiff's claim under the IHRA fails, his claim for wrongful discharge also must fail"); 14 ("as discussed above, Ward is not 'disabled' under the applicable law and therefore the termination of his employment was not even wrongful, let alone 'outrageous' "); 17 ("As discussed above, his claim under [the disability statutes] fail and therefore his claim under the implied covenant fails").

At oral argument, Defendant's counsel asserted that Defendant's arguments regarding the common law claims were not premised on the statutory claims, however. The Court will accordingly attempt to consider counsel's arguments regarding the common law claims independently of the statutory claims.

### 1. Wrongful discharge in violation of public policy

■ Idaho law allows tort claims for termination in violation of public policy. *See, e.g., Ostrander v. Farm Bureau Mut.*

*Ins. Co. of Idaho,* 123 Idaho 650, 851 P.2d 946, 949 (1993); *Jackson v. Minidoka Irrigation Dist.,* 98 Idaho 330, 563 P.2d 54, 57–58 (1977). Whether it does so in this case, however, is a question.

Defendant argues that, although Idaho law allows a tort claim, Plaintiff's asserted tort claim provides rights "no broader than the rights ... afforded by [the IHRA]," and that the claim must fail "because Plaintiff's claim under the IHRA fails." *See* Docket No. 16 at 13. Although Defendant is correct that any tort claim does not extend broader rights than does the IHRA, it does not follow that dismissal is warranted. The Court has determined that summary judgment is not warranted as to Plaintiff's IHRA claims. Thus, under Defendant's reasoning, Plaintiff's tort claim for wrongful discharge should not be dismissed.

■ It is not entirely clear that Idaho law does provide for a tort claim of wrongful discharge in this case. It is clear that "when a legislative provision protects a certain class of persons but does *not* provide a civil remedy, the court may accord an injured member of the class a right of action in tort." *Ostrander,* 851 P.2d at 949 (emphasis added). It is unclear whether, when a legislative provision *does* provide a civil remedy, as the IHRA does with respect to disability discrimination, a claim in tort is cognizable. *Compare id.* (explaining that when a legislative provision does not provide a civil remedy, the court may create one) with *Jackson,* 563 P.2d at 58 (favorably citing an out-of-state case in which a court found a violation of public policy when a female employee was fired because she refused to date her superior, a situation that presumably could have led to a statutory sex discrimination claim).[5] As-

---

5. Even if a separate claim in tort is cognizable, it might make sense for a plaintiff to select either the statutory or the tort claim. Courts would limit damages to preclude a

double recovery, making the effort to prove both claims duplicative. Thus, despite this

suming that Idaho does allow for a tort claim in this case, the Court will deny summary judgment on the Plaintiff's tort claim for wrongful discharge.

### 2. Intentional infliction of emotional distress

Defendant argues that Plaintiff's claim for intentional infliction of emotional distress fails on two grounds: he has failed to allege sufficiently outrageous conduct on the part of the Defendant, and he has failed to show that he has suffered sufficiently. Defendant's second ground clearly fails. Plaintiff has cited severe physical and emotional reactions to his termination, including breaking out in a rash, constant emotional stress and stress on his marital relationship, etc. *See* Docket No. 25 at 10–11 (citing record). Defendant's first ground merits more discussion, however.

▮ Idaho courts require extremely bad behavior on the part of Defendants to allow a claim of intentional infliction of emotional distress. *See, e.g., Edmondson v. Shearer Lumber Prods.*, 139 Idaho 172, 75 P.3d 733, 741 (2003) (noting that, even if a defendant's conduct is "unjustifiable," it does not necessarily rise to the "outrageous" standard; to do so, it must be " 'atrocious' and 'beyond all possible bounds of decency' "), *cert. den.*, 540 U.S. 1184, 124 S.Ct. 1426, 158 L.Ed.2d 88 (2004). The fact that an employer violated a statutory prohibition does not, in this Court's opinion, applying Idaho law, seem to be enough. Thus, even assuming that Defendant did fire Plaintiff because he was disabled, and even acknowledging that Defendant did so on the very first day Plaintiff returned from leave necessitated by his third back surgery, the Court still concludes that Defendant's behavior was not sufficiently outrageous to justify a claim of intentional infliction under Idaho law. Thus, the Court will grant summary judg-

ment on Plaintiff's claim of intentional infliction of emotional distress.

### 3. Negligent infliction of emotional distress

▮ Plaintiff does not contest Defendant's argument that Idaho Code § 72–209(3), provides that workers' compensation constitutes the exclusive remedy for his alleged injury. The Court concludes that the statute precludes Plaintiff's claim for negligent infliction of emotional distress. *See* Idaho Code § 72–209(3); *cf. DeMoss v. City of Coeur D'Alene*, 118 Idaho 176, 795 P.2d 875, 877–78 (1990). Accordingly, the Court will grant summary judgment as to Plaintiff's claim for negligent infliction of emotional distress.

### 4. Breach of implied covenant of good faith and fair dealing

Defendant argues that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing "is no broader than his claim under the IHRA and ADA," and that the Court must therefore dismiss the claim because "his claims under those statutes fail." Docket No. 16 at 17. As discussed above, the claims under those statutes have not failed. Accordingly, Defendant's argument fails. The Court will deny summary judgment as to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.

### C. Economic Damages

▮ To prevail on its motion for summary judgment regarding economic damages, Defendant must show that no genuine issue of material fact exists regarding whether "during the time in question there were substantially equivalent jobs available, which [Plaintiff] could have obtained, *and* that [he] failed to use reasonable dili-

Court's ruling, Plaintiff may wish to abandon his tort claim for wrongful discharge.

gence in seeking one." *See EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 906 (9th Cir.1994) (emphasis in original).[6] Defendant has, at a minimum, not satisfied the first requirement.

Defendant points to no evidence in the record that jobs substantially equivalent to the one from which Defendant terminated Plaintiff were available. Evidence that one such job became available exists in the record. *See* Affidavit of Learned, Docket No. 18, Exh. B at 367. Despite Defendant's protestations, this Court can not conclude that the existence of one job satisfies Defendant's burden of showing that "jobs" were available to the Plaintiff during the requisite period. *See Farmer Bros. Co.*, 31 F.3d at 906. Accordingly, Defendant has not satisfied its burden and the Court will deny its motion for summary judgment on this ground.

### III. Defendant's Objections to Plaintiff's Evidence

The Court DENIES Defendant's Objections to Plaintiff's Evidence (Docket No. 30, Part 2). Plaintiff's amendment of Dr. Smith's affidavit addressed Defendant's objections regarding Dr. Smith's statements. Thus, the Court shall deny those objections. As discussed above, the objections to the testimony of Cronquist and McCullough go to weight not to admissability. Thus, the Court shall deny those objections as well. Finally, in light of the foundation for the other evidence to which Defendant objection provided by Plaintiff in supplemental filings, the Court shall deny Defendant's remaining objections.

### ORDER

The Court hereby GRANTS IN PART AND DENIES IN PART Defendant's Motion for Summary Judgment (Docket No. 15). The Court GRANTS the motion regarding any claim that Plaintiff is disabled because his ability to engage in the major life activity of working is substantially limited. The Court concludes that genuine issues of material fact exist regarding Plaintiff's actual disability with respect to his ability to lift or perform manual tasks. However, the Court further concludes that Plaintiff cannot show an adequate link between these alleged actual disabilities and his termination. Thus, summary judgment is warranted with respect to claims based on actual disability. The Court also concludes that summary judgment is warranted on Plaintiff's claim that Defendant terminated him due to the perception that he was disabled with respect to the major life activity of working. However, a genuine issue of material fact exists regarding whether Defendant fired Plaintiff due to the perception that he was disabled because the medication he was taking impaired his ability to remain awake and alert. Thus, the only statutory discrimination claims remaining are based on Plaintiff's argument that Defendant fired him due to Defendant's *perception* that he was disabled based on the effects of his medication.

The Court DENIES Defendant's motion for summary judgment as to Plaintiff's claim for economic damages.

As to Plaintiff's common law claims, the Court DENIES summary judgment on Plaintiff's wrongful discharge claim and his claim that Defendant breached the implied covenant of good faith and fair dealing. The Court GRANTS summary judgment on the claims for intentional and negligent infliction of emotional distress.

---

**6.** Although *Farmer Brothers* involved sex discrimination, it is reasonable to borrow its standard in the disability discrimination context. The same remedies apply for both kinds of discrimination. *See* 42 U.S.C. § 1981a.

The Court DENIES Defendant's Objections to Plaintiff's Evidence (Docket No. 30, Part 2).

Finally, the Court DENIES Plaintiff's oral motion to strike Defendant's expert's report without prejudice to its written renewal.

UNITED STATES of America,
Plaintiff,

v.

ASARCO INCORPORATED,
et al., Defendants.

AND CONSOLIDATED CASE.

Nos. CV96–0122–N–EJL,
CV91–0342–N–EJL.

United States District Court,
D. Idaho.

July 11, 2005.

Alan G. Burrow, Celeste K. Miller, D. Marc Haws, U.S. Attorney's Office, Boise, ID, Kathryn C. Macdonald, Elizabeth L. Loeb, Joan S. Carter, Neil Cowie, Rachel Jacobson, Robert Maher, Sean Carman, Wayne T. Ault, U.S. Dept. of Justice, Environmental Enforcement Section, Paul Gormley, G. Scott Williams, Forde Fairchild, U.S. Dept. of Justice, Environ. & Nat. Resource Div., Thomas L. Sansonetti, Pamela A. Moreau, Tom C. Clark, II, U.S. Dept. of Justice, Lois J. Schiffer, U.S.

Dept. of Justice, Land & Natural Resources Division, Courtney E. Ingraffia, Washington, DC, David F. Askman, U.S. Dept. of Justice, Environmental Enforcement Section, Mark A. Nitczynski, U.S. Dept. of Justice, Environment & Natural Resources Division, Denver, CO, James L. Nicoll, Michael J. Zevenbergen, U.S. Dept. of Justice, Environmental Defense Section, Seattle, WA, for Plaintiff.

Alexei M. Silverman, Allan B. Moore, Anthony R. Picarello, Jr., Jason A. Levine, Joanne B. Grossman, Peter J. Nickles, Covington & Burling, Washington, DC, Felix G. Luna, John W. Phillips, Michael R. Thorp, William D. Maer, Andrew M. Kenefick, Heller Ehrman White & McAuliffe, Seattle, WA, Gary D. Babbitt, Hawley Troxell Ennis & Hawley, Joseph H. Baird, Elam & Burke, M. Michael Sasser, Sasser & Inglis, P.C., Albert P. Barker, Barker Rosholt & Simpson LLP, Rochelle M. Davis, Boise, ID, Laurence A. Silverman, Covington & Burling, New York, NY, Elizabeth H. Temkin, Kristin Tita, Nathan M. Longenecker, Tempkin Wielga & Hardt, Denver, CO, William H. Gelles, Ballard Spahr Andrews & Ingersoll, Philadelphia, PA, Eugene I. Annis, Lukins & Annis, Spokane, WA, William F. Boyd, Coeur D'Alene, ID, for Defendants.

## MEMORANDUM ORDER

LODGE, District Judge.

Pending before the Court in the above-entitled matter are Defendants' Motion for Partial Summary Judgment (Docket No.1365) and related motions to strike certain declarations and/or expert reports. Asarco filed the original motion and Hecla joined in the motion in their response to the motion. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

## Defendant's Motion for Partial Summary Judgment (Docket No. 1365)

### 1. *Background Information*

Defendants maintain in the motion that partial summary judgment is proper on the location of the damages that Defendants should be held responsible for. Defendants maintain that the Plaintiffs failed to prove that any of the mine tailings outside the 100 year floodplain in the drainages these Defendants operated are the mine tailings for which the Defendants are responsible. Defendants claim their liability for damages should be limited to damages for response and remediation costs only if such costs are within the boundaries of the 100 year floodplain of the drainages they operated. Defendants claim res judicata or collateral estoppel if the Plaintiffs try to prove the location of the damages outside the 100 year floodplain in Phase 2 trial. Plaintiffs object to the motion and argue the issue of damages has not been litigated and the Defendants are liable for the Court determined percentages (Asarco 22% and Hecla 31%) for all mining damages within the Coeur d'Alene Basin (the "Basin").

### 2. *Standard of Review*

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See, Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323, 106 S.Ct. 2548.[1]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975) (*quoting First Nat'l Bank v. Cities Serv. Co. Inc.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). The Ninth Circuit cases are in accord. *See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund,* 882 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

(1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*Id.* at 374 (citation omitted).

Of course, when applying the above standard, the Court must view all of the evidence in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Hughes v. United States,* 953 F.2d 531, 541 (9th Cir. 1992).

### 3. *Analysis*

A. Res judicata, collateral estoppel and estoppel.

In Phase 1, the Court determined the drainages in which Asarco and Hecla owned or operated mines and/or mills and the percent of liability for mining tailings in those drainages based on production. The Court found Asarco was 22% liable for commingled mine tailings and Hecla was 31% liable for co-mingled mine tailings. One of the purposes of the Phase 1 trial was to determine if Asarco and Hecla were owners and/or operators for purposes of liability under CERCLA. The Court did not make specific findings on where the hazardous substances have come to be located although the Court heard testimony

---

**1.** *See also,* Rule 56(e) which provides, in part: When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.